## A. W. GARDNER *vs*. BOARD OF COUNTY COMMISSIONERS OF DAKOTA COUNTY.

### Aug. 19, 1874.

**Tenancy from Year to Year, on Terms of Written Lease which has Expired.**— Where a landlord suffers a tenant, who has been in possession under a written lease, to remain in possession after the expiration of the original tenancy, and receives rent quarter-yearly for more than a year, in the absence of any agreement to the contrary, the law presumes the tenancy to be a tenancy from year to year, upon the terms of the original demise, subject to all the conditions and covenants of the original lease, so far as applicable to the new condition of things.

**Same—Assent to Increase of Rent.**—Where the tenant retains the premises after notice from the landlord that he would require a greater rent than under the lease, the tenant must be held to have assented to the increase of rent, and, to this extent, the terms of the old lease do not apply.

**Same—Permission to Surrender.**—A condition in the original lease, by which, upon the happening of a certain event, the tenant was permitted to vacate and surrender the premises, applies to the new tenancy.

**Same—Offer and Conditional Acceptance do not Constitute Agreement for New Lease.**—An offer of the landlord, after the expiration of a written lease, to execute a new lease, and a conditional agreement of the tenant to accept the offer, do not constitute an agreement for a new lease, which prevents the application of the terms and conditions of the original lease to the new tenancy from year to year.

**Same.—Chairman of Board of County Commissioners.**—The Chairman of the Board of County Commissioners has no authority to lease premises for the county, other than that conferred by the Board.

The plaintiff brought this action in the district court for Dakota county to recover the sum of $200, as the arrears of rent, for the year 1871, of certain premises alleged to have been let by the plaintiff to the defendant, at a yearly rent of $800. A jury was waived, and the action tried before *Crosby*, J., upon whose findings judgment was entered for the defendant, a motion for a new trial having been denied.

3

The plaintiff appeals from the judgment, and from the order refusing a new trial.

*T. R. Huddleston*, for appellant.

*Seagrave Smith*, for respondent.

McMillan, C. J. The plaintiff was the lessor, and the defendant the lessee, in an indenture of lease, which is attached to and made part of the defendant's answer in this action, bearing date January 10, 1863. By the terms of the instrument, the plaintiff demised and leased to the defendant the premises described therein, being the same premises described in the complaint, for the full term of three years from January 1, 1863, at the rent of $600 per annum, payable in equal quarterly payments of one hundred and fifty dollars each, at the end of each quarter. "The party of the second part, (the defendant,) has the privilege, if it desires, to continue in the occupancy of the leased premises for one, two or three years longer than the first three years above named, at the same rent, and upon the same terms as herein specified for the first three years, upon giving to the party of the first part, (the plaintiff,) notice of its desire to retain it longer, within one month from the termination of said first three years; *provided, however*, that if the county seat of said county (Dakota) shall be moved from said city of Hastings, or if said county shall erect county buildings before the expiration of the term or terms mentioned in this lease for the rent of said premises therein, in that case the said party of the second part shall have the right to vacate said premises, and surrender the same up to the party of the first part, his heirs or assigns; and when the same shall be vacated and surrendered, as aforesaid, and for the reason aforesaid, to the said party of the first part, his heirs and assigns, these presents shall be null and void, and shall be of no binding force as against either party thereto."

By consent of parties, the cause was tried by the court. The finding of the court is as follows: "I find as facts in said action, from the evidence and admissions made in open court, that the defendant was, prior to January 1, 1869, in

possession, as tenant, of the rooms, (premises,) described in the plaintiff's complaint, under and in accordance with the terms of the lease attached to defendant's answer; that said lease expired December 31, 1868, having been continued by agreement. That on January 7, 1869, the plaintiff addressed the following communication to the defendant:

'To the Hon. Board of County Commissioners of Dakota county, Minn. The lease of my building, now occupied as county offices, having expired sometime ago, *I am anxious to enter into a new lease for said offices.* For the future, I cannot afford to rent the offices for less than eight hundred dollars per annum. Yours respectfully, A. W. Gardner.' That on the same day the board of county commissioners acted upon said communication, and the following is the record of their action therein: 'A communication was received from A. W. Gardner, offering to lease county offices for a longer term, for $800 per year, and the chairman of the board was authorized to rent the same for two years, with the privilege of three years.'

"That soon after the action of the board of county commissioners, the chairman of the board gave the plaintiff notice that the board had accepted his proposition to let them have the rooms for a longer time, at a rent of $800 per annum, but did not state for what time the defendant would want the rooms, nor did he give plaintiff notice that he was authorized to rent them for two years with the privilege of three. That the defendant continued to occupy the rooms until the first day of October, 1871, and paid rent therefor up to that time quarterly. At the time the chairman of the board gave notice of acceptance, as aforesaid, it was understood between him and plaintiff that the rent should be paid every three months. That in the month of July, 1871, the chairman of the board of county commissioners gave the plaintiff notice that the defendant would vacate the rooms on or before October 1, 1871, and not occupy them after that time, to which the plaintiff did not dissent. That on the first day of October, 1871, the court-

house was completed and ready for occupancy. That during the last week in September, 1871, the defendant vacated said rooms, and the public offices of the county were removed to the court-house. That sometime during the last week in September, 1871, said chairman of said board delivered the keys of said rooms to the plaintiff, and gave him notice that the defendant had vacated said rooms ; that said plaintiff received the keys, but told said chairman he should expect and claim rent for the remainder of that year. As conclusions of law, I find that the plaintiff cannot recover in this action, and that the defendant is entitled to judgment for its costs and disbursements.''

The principal question to be determined in the case is, whether the defendant, at the time of surrendering the premises described in the complaint and finding of the court, to wit: on October 1, 1871, was or was not tenant in possession, holding over under the terms and conditions of the written lease hereinbefore mentioned and described.

It appears from the findings of the court below that up to January 1, 1869, the defendant was in possession of the premises described in the complaint, under and in accordance with the terms of the written lease. The court finds, '' that said lease expired on December 31, 1868, having been continued by agreement.'' We understand this to mean that the lease was continued by the election of the defendant, under and by virtue of the express provision of that instrument, after the expiration of the first term of three years, up to the date mentioned ; and that, by its terms, the said lease expired December 31, 1868, no provision for its further continuance or its renewal being contained therein, and no express agreement for that purpose having been made by the parties. The defendant continued, however, to occupy the premises, without interruption, till October 1, 1871.

The court below has not found expressly whether the parties, in fact, made any new agreement with reference to the occupancy of the premises by the defendant, nor whether,

as a conclusion of law from the facts found and stated in the report, a new agreement, superseding the old lease, was made by the parties; but from the general finding, that the plaintiff cannot recover, it will be presumed that no new agreement was in fact made between the parties, unless this presumption is rebutted by the facts found by the court, or the conclusions of law to be drawn therefrom.

If any agreement, express or implied, superseding the original lease, was made between the parties, it is to be found in the note addressed by the plaintiff to the defendant on January 7, 1869, and the action of the board of commissioners thereon, together with the action of the chairman of the board. The plaintiff's note may be considered as an offer upon his part to enter into a new lease of the premises, at the annual rent of eight hundred dollars; and the action of the board, as a willingness to accept a new lease at the rent stated, with this condition, that the lease to the defendant should be for two years, with the privilege of three years. This action was not an unconditional acceptance of the plaintiff's offer; the authority it conferred on the chairman was limited to leasing the premises for the time and with the privilege specified. This was a new element in the negotiations, and required the assent of the plaintiff, in order to constitute an agreement on the subject. It does not appear that this action was communicated to the plaintiff, nor that his assent thereto was ever given. The negotiations between the parties were, therefore, incomplete, and no express agreement in relation to the lease was made. But, "soon after the action of the board of county commissioners, the chairman of the board gave the plaintiff notice that the board had accepted his proposition to let them have the rooms for a longer time, at a rent of $800 per annum, but did not state for what time the defendant would want the rooms, nor did he give plaintiff notice that he was authorized to rent them for two years, with the privilege of three." The chairman of the board had no authority in the premises, other than that conferred upon him by the board. Gen.

Stat. ch. 8, §§ 93, 97. The notice given by him to the plaintiff, "that the board had accepted his proposition to let them have the rooms for a longer time, at a rent of $800 per annum," was not authorized by the action of the board, the resolution of the board being essentially different in its character. It was therefore of no effect, so far as the defendant is concerned.

There is nothing, then, in any or all of these facts, constituting an express or implied agreement between the parties which supersedes the old lease. But the defendant, with the permission of the plaintiff, having remained in possession of the demised premises for nearly two years after the expiration of the tenancy under the written lease, and paid rent therefor to the plaintiff quarterly, became a tenant of the premises under a tenancy from year to year; and in the absence of any agreement to the contrary, the law presumes the holding to be upon the terms of the original demise, subject to all the conditions and covenants of the original lease, so far as applicable to the new condition of things. *Roe* v. *Ward*, 1 H. Bl. 97; *Hunt* v. *Bailey*, 39 Mo. 257; *Webber* v. *Shearman*, 3 Hill, 547; *Bacon* v. *Brown*, 9 Conn. 335; *Phillips* v. *Moriges*, 4 Wharton, 226; *De Young* v. *Buchanan*, 10 Gill & Johns. 149; *Conway* v. *Starkweather*, 1 Denio, 113; and see *Brewer* v. *Knapp*, 1 Pick. 332; Taylor's Land. & Ten. § 58; 2 Smith's Lead. Cas. 117, 179.

The defendant, having retained the premises after notice from the plaintiff that he would require the increased rent, must be held to have assented to the increase of rent, and to this extent the terms of the old lease do not apply. *Hunt* v. *Bailey*, 39 Mo. 257; Taylor's Land. & Ten. § 58; *Despard* v. *Walbridge*, 15 N. Y. 374. The original lease, as we have seen, contained, among other things, the following proviso: "That if the said (Dakota) county shall erect county buildings before the expiration of the term or terms mentioned in this lease for the rent of said premises therein, in that case the said party of the second part shall have the right to vacate said premises, and surrender the same up to

the said party of the first part, his heirs or assigns; and when the same shall be vacated and surrendered, as aforesaid, and for the reason aforesaid, to the said party of the first part, his heirs and assigns, these presents shall be null and void, and shall be of no binding force as against either party thereto." This provision, *mutatis mutandis*, was applicable to the new tenancy, and the contingency therein mentioned having occurred, to wit: the erection of county buildings by the county during the tenancy, the defendant had a right to terminate the lease at the time and in the manner it did. The finding of the court below was correct. The order and judgment appealed from are therefore affirmed.