Martin v. Knapp.

MARTIN v. KNAPP ET AL.

1. **Homestead:** EXECUTION SALE. The sale of lands at execution sale upon which the execution defendant resides, without platting and setting aside the homestead, is voidable, but not void, and cannot be attacked collaterally.

2. **Tenant at Will:** GROWING CROPS. Where one becomes a tenant at will he takes the premises in their then condition, and is entitled to crops growing thereon.

3. ———: WHEN CREATED. The failure of the owner, out of possession, to object to the possession of another, will not alone create a tenancy at will, and where the person in posession holds adversely, no tenancy at will exists.

4. **Sheriff's Deed:** GROWING CROPS. The execution of a valid sheriff's deed conveys the right to the immature crops growing upon the premises, and a person taking the same therefrom is not liable to the former owner of the land.

*Appeal from Black Hawk Circuit Court.*

MONDAY, DECEMBER 12.

IN the petition and the amendment thereto it is alleged that John Howe, Sr., and Martin Howe, were in possession of certain lands described, and that in the spring and summer of 1876 they planted certain crops thereon and tended and culti-

vated them until August 1st, 1876, with the knowledge and assent of the defendant J. T. Knapp; that on August 1, 1876, defendant Knapp commenced an action against the said Howes, and one Edward Carrigan, claiming to be the owner of said premises and entitled to said crops, and asking a temporary writ of injunction restraining the defendants from removing any of the grain growing upon the premises, and from appropriating it to their own use.

That said Knapp on that day, filed a bond with the defendant Miller as surety, in the sum of six hundred dollars, conditioned that said Knapp should pay all damages that the Howes and Carrigan should sustain by the wrongful issuing of said writ; that the writ issued and the said Howes and Carrigan were restrained from entering upon the premises, and from removing the crops or appropriating them to their own use; that the defendant Knapp entered upon the premises, and cut, harvested and carried away and appropriated to his own use the crops and grass growing thereon; that at the April term, 1878, Knapp withdrew the action commenced by him, without the consent of the defendants therein; that the writ of injunction was wrongfully and unlawfully issued, and by reason thereof John and Martin Howe were prevented from entering upon said premises, and from caring for and preserving the crops, whereby a large amount thereof went to waste and decay and was damaged by exposure to the weather, to the damage of said Howes in the sum of fourteen hundred and seventy-five dollars; that the cause of action arising to the said John Howe, Sr., and Martin Howe, has been by them duly assigned in writing to the plaintiff and he is the owner thereof. Plaintiff asks judgment against the defendants Knapp and Miller for the sum of $600, and against the defendant Knapp for the futher sum of $875.

The defendants answered alleging that on the 2nd day of May, 1876, the defendant Knapp became the owner in fee simple of the premises described in the petition by virtue of a

deed of that date, executed to him by the sheriff of Grundy county, pursuant to a sale of said premises by said sheriff on the 1st day of May, 1875, under an execution issued by the clerk of the Circuit Court of Black Hawk county, upon a judgment in said court recovered by H. Ruble against the said John Howe, Sr.; that Knapp remained such owner until the 29th day of August, 1876, when he lost the title thereof, by the due execution and delivery of a deed from the said sheriff to one Marietta H. Candee, which deed was made under a sale by the sheriff on the 28th day of August, 1876, under a special execution issued by the clerk of the Circuit Court of Grundy county, pursuant to a decree in an action wherein said Candee was plaintiff, and said John Howe, Sr., and his wife, and the said H. Ruble, were defendants, for the foreclosure of a mortgage executed by said Howe and wife to said Candee to secure the purchase-money of said premises; that as the owner of said land and entitled to the possession, profits and use thereof, said Knapp, during the time of such ownership, as alleged herein, took and converted to his own use the wheat and oats thereon at that time, and after the 29th day of August, 1876, said Knapp as the agent of said Candee, the owner of said premises, did take certain other crops at that time standing and growing thereon; and defendants say that John and Martin Howe had no interest in or right to the said premises, and no right to the possession thereof or the said crops growing at the date of said deeds.

The plaintiffs filed a reply averring in the first count that the sale and deed to Knapp were and are wholly void because of the fact that said John Howe, in whom the legal title was vested, at the time of said deed, was a married man, the head of a family, and then lived with his family on a farm composed of the premises in question and forty acres contiguous thereto, which he used and cultivated as one farm, and which farm then constituted his homestead, and before said sale and deed no homestead of said John Howe on said farm had been

platted or recorded, or in any manner selected by him as provided by law, and the sheriff making the sale failed to cause the homestead to be platted before making the sale. The second count of the reply contains the same allegations as to the sale and deed to Candee.

The third count of the reply alleges that after Knapp had received his deed under the first sale, he suffered and permitted the said John Howe to remain in the peaceable possession of said premises and to rent the same as his own to plaintiff's assignor, Martin Howe, who was wholly ignorant of said sheriff's sale and deed, and permitted said Howe to plant the land with crops, and expend large sums of money and much labor in the cultivation thereof, all of which was done with the full knowledge and consent of said Knapp, and after said crops had been raised and matured, he wrongfully sued out the writ of injunction mentioned in the petition, and deprived said Martin and John Howe of the fruits of their labor. The defendants filed a demurrer to the first and second counts of the reply on the ground that the plaintiff in this action cannot collaterally attack the titles of Knapp and Candee under said sales and sheriff's deeds. This demurrer was overruled, to which the defendants excepted. The defendants filed a second and third amendment to their answer, which need not here be set out. The cause was tried to a jury, and a verdict was returned and judgment rendered for the plaintiff for two hundred dollars. Both parties appeal.

*Boies & Couch*, for plaintiff.

*Hemenway & Polk*, for defendants.

DAY, J.—I. *As to the plaintiff's appeal.*

1. In the ruling upon the demurrer to the reply, and in the admission of the evidence upon the trial, the court adopted the plaintiff's view that it was competent to inquire into the validity of the title of Candee and of the defendant Knapp,

under their respective sheriff's deeds. When, however, the court came to charge the jury, it instructed as follows:

"You are instructed in the first place to disregard all testimony admitted, bearing on the question of the validity of the sheriff's sales and deeds; and you should treat the deed made by the sheriff to defendant Knapp as valid, and as conveying to him the absolute title and ownership of the premises in question and the crops thereon at the date of said deed, to-wit, May 2, 1876."

The plaintiff assigns the giving of this instruction as error. It is insisted that the sale and sheriff's deed to both Candee 1. HOMESTEAD: and the defendant Knapp, are void, because the execution sale. homestead of John Howe was not platted and set apart before the sale.

The evidence shows that John Howe owned 255 acres of land, which he used together as a farm, one-half situated in Black Hawk county, and one-half in Grundy county, separated by a highway, and that the dwelling in which he resides, and all the appurtenant buildings, are situated upon the land in Black Hawk county. The land involved in this controversy is situated in Grundy county.

The plaintiff relies upon *Linscott v. Lamart*, 46 Iowa, 312, and *White v. Rowley*, Id., 680. In *Linscott v. Lamart*, the execution defendant owned but seventy-one and $\frac{8}{100}$ acres. One-half of it was sold, leaving less than the forty acres to which the execution defendant was entitled as a homestead. It was because more land was sold than was liable to be sold in satisfaction of the judgment that the sale was held void. In *White v. Rowley*, as in this case, enough land for the execution defendant's homestead was left, but the action was a direct proceeding to set the sheriff's sale aside. The sale was simply held invalid. In our opinion a sheriff's sale made as shown in the present case, is voidable but not void. It might be set aside in a direct proceeding between the parties, instituted within proper time. Still, it may be to the interest of

the execution defendant that the sale should stand, and he has a right to disregard the irregularity, if he see proper. The sale cannot be collaterally called in question, as was attempted in this case. The court did not err in giving this instruction.

2. The court in substance directed the jury that if plaintiff could recover at all, it was solely upon the ground that his 1. TENANT at assignor, Martin Howe, became a tenant at will, will: growing crops. of the defendant Knapp. The court further instructed the jury as follows: "If you find plaintiff entitled to a verdict under the evidence and the preceding instructions, you should allow him the actual value, on August 2, 1876, of such of the crops as were planted after May 2, 1876, and the value of the work done upon the other crops between said dates."

May 2, 1876, is the date of the sheriff's deed to Knapp, and August 2, 1876, is the date of the service of the injunction. The idea of the court seems to be that if Martin Howe became a tenant at will of Knapp, by being allowed to remain in possession of the premises, after Knapp became entitled to them under the sheriff's deed, executed May 2d, he became such tenant only as to such of the crops as were planted after May 2d, and not as to the wheat and oats and other crops, which were then growing upon the land. This position, we think, is erroneous. If Martin Howe became a tenant at will, he became a tenant of the land in its then condition, entitled to the crops growing at the time, as well as to those subsequently planted, and liable to account for the reasonable rental value of the premises, which would be enhanced by the fact that, at the time the tenancy began, immatured crops were growing upon the premises. In giving this instruction, we think the court erred.

3. The petition in the action in which the injunction was sued out alleges that the defendants in that action trespassed upon plaintiff's premises and stock; that they claim to be the owners of said crops, and threaten, and intend to, and are

about to remove said crops and appropriate them to their own use, and that they will do so unless restrained by injunction. There was evidence tending to show that plaintiff's assignors, the Howes, were in actual possession of the lands in question, claiming the same adverse to the defendant Knapp; that such possession was originally rightful, and before the service of the writ of injunction had never been surrendered or disturbed. Plaintiff asked the court to instruct that if the Howes were so possessed, Knapp could not maintain an action of trespass, and therefore the injunction was wrongfully sued out. The refusal to give this instruction is assigned as error. It is claimed by plaintiff that where there is an actual adverse possession in another, the owner cannot maintain trespass. Under our system of procedure, all forms of action are abolished. Although the petition alleges that the defendants trespassed upon the premises, yet the gist of the action is to prevent the Howes from appropriating to their own use crops which the defendant Knapp claims to be his. Knapp might maintain an action for this purpose, notwithstanding the fact that the Howes were in possession of the premises. There was no error in refusing the instruction.

II. *As to the defendants' appeal.*

1. The court instructed the jury as follows: "6. The only questions   *   *   *   *   remaining for your consideration are as to whether the plaintiff's assignor, Martin

3. ——: when created. Howe, became a tenant at will of said defendant Knapp, and that thereby the said writ of injunction was wrongfully issued, and, if so, the amount of damages thereby sustained.

"7. The statute provides that any person in the possession of real property with the assent of the owner is presumed to be a tenant at will until the contrary is shown,

"Such assent need not be in the shape of an express agreement written or spoken between the parties, but it is sufficient to create such tenancy in this case, if the defendant Knapp,

when knowledge came to him of the occupancy and cultivation of the premises in question, failed to object thereto, and so acted as to lead said Martin Howe, in the exercise of a reasonable understanding under the circumstances, to believe that said Knapp did not object to his remaining on said premises and cultivating same."

The evidence is abundant that whilst Knapp insisted that his rights as landlord of the premises should be recognized, Martin Howe refused upon all occasions to admit that Knapp had any rights on the premises, and would not recognize him as landlord, but claimed to hold adversely to him, under John Howe, Sr.   The error in this instruction is in assuming that the failure of the owner out of possession to object to the possession of the occupant, will alone create a tenancy at will. A tenancy at will cannot be created without the assent, express or implied, of both parties.   The statute provides, section 2014, Code 1873, that "any person in the possession of real property with the assent of the owner, is presumed to be a tenant at will, until the contrary is shown."   Possession with the assent of the owner raises merely a presumption of a tenancy at will, which may be rebutted.   When it is shown that the person in possession does not recognize the owner as landlord, but holds adversely, either as owner, or as the tenant of another whom he recognizes as owner, the presumption of a tenancy at will is rebutted.   The court erred in giving this instruction.

·2.   The evidence shows that on the 28th of August, 1875, the premises in controversy were sold at sheriff's sale to **4. SHERIFF'S deed: growing crops.** Marietta H. Candee, under the foreclosure of a mortgage against John and Catharine Howe as mortgagors, and H. Ruble and J. T. Knapp, as subsequent incumbrancers.

A sheriff's deed was executed to Candee, August 29, 1876. The mortgage was senior in point of right to any claim of Knapp, and the sheriff's deed, executed pursuant to the fore-

closure thereof, divested all of Knapp's rights in the premises. If, therefore, a tenancy at will existed between Knapp and Martin Howe, it terminated on the 29th day of August, 1876, and all of Knapp's rights, and Howe's as well, were transferred to Candee. At this time the corn crop was growing upon the premises, immature. The defendants requested the court to instruct as follows: "After the execution of the deed to Candee, the defendant Knapp ceased to have any right to the possession of the premises, and if he took any crops therefrom after that date, he must account to Candee therefor, and plaintiff cannot recover therefor in this action." This instruction, or one embodying its principles, should have been given.

This decision sufficiently indicates our view of the law of the case, without further consideration of the errors discussed by the defendant. One-half of the costs of this appeal will be taxed to the plaintiff, and one-half to the defendants.

On both appeals the judgment is

REVERSED.