## O'BRIEN v. TROXEL & BROTHER.

**Landlord and Tenant:** HOLDING OVER: KIND OF TENANCY RESULTING. The common-law rule, that when a tenant for years holds over after the termination of his lease, with the assent of his landlord, and pays rent according to the terms of his lease, a tenancy from year to year is established, is changed by section 2014 of the Code, which provides that "any person in the possession of real property with the assent of the owner is presumed to be a tenant at will, unless the contrary is shown."

*Appeal from Des Moines District Court.*—HON. CHARLES H. PHELPS, Judge.

FILED, DECEMBER 18, 1888

ACTION to recover rent for the use and occupation of real estate. Trial to the court. Judgment for the defendants, and the plaintiff appeals.

*Newman & Blake*, for appellant.

*C. L. Poor*, for appellees.

SEEVERS, C. J.—In 1884 the plaintiff and defendant executed a written lease, whereby the former leased to the latter certain real estate for the period of two years from the first day of January, 1885, for a certain specified amount, to be paid monthly, for the use and occupation of the premises. The defendant occupied the premises for the term, and paid the rent, and also continued to occupy the same thereafter, and paid the rent as stipulated in the lease, without objection, until the

O'Brien v. Troxel & Bro.

twenty-first day of February, 1887, when the defendant served a notice on the plaintiff to the effect that the tenancy would terminate thirty days thereafter ; and on the first day of April, 1887, the defendant ceased to occupy the premises, and did all he could to surrender the same to the plaintiff, who refused to accept such surrender. The defendant paid rent as specified in the lease up to April 1, 1887, and this action is brought to recover rent accruing after that time.

The contention of the plaintiff is that when a tenant for years holds over after the termination of the tenancy with the assent of his landlord, and pays rent according to the terms of the lease, a tenancy from year to year is thereby established. Counsel for the defendant concede, that in the absence of a statute, the preponderance of authority is to this effect, but such, as he claims, is not the universal rule in this country. His contention is that there is a statute which changes or modifies the common-law rule. Such statute is as follows : "Any person in the possession of real property with the assent of the owner is presumed to be a tenant at will until the contrary is shown." Code, sec. 2014. The defendant, therefore, was a tenant at will, unless the contrary has been shown. The parties did not so agree. There is no contract whereby a tenancy from year to year was created after the time fixed in the lease expired. At most, it may be said that there is a presumption, which obtains at common law, that by reason of the acts and conduct of the parties such a tenancy existed. But it seems to us this must be overcome by the statutory presumption. Both cannot exist at the same time, for the reason that they are antagonistic and inconsistent. To overcome the statutory presumption, it seems to us that something more than another presumption must be shown ; such as an agreement or contract. This, it seems to us, is the better, more certain and definite rule, and therefore the judgment of the district court must be

AFFIRMED.