W. McCELLAND, Appellant, v. JAMES WIGGINS.

**Forcible Entry and Detainer:** LIMITATION OF ACTIONS. A lease having been terminated by the tenants releasing all their rights and interests under the lease to M., who had bought subject to the lease, and one of the tenants having thereafter remained in peaceable possession with knowledge of M. more than thirty days before commencement of action of forcible entry and detainer, and such occupancy not being without the assent of M., therefore making necessary the thirty days' notice required by Code, section 2991, to terminate a tenancy at will, the action is barred by section 4217, making such possession for thirty days after the cause of action accrues a bar thereto; section 4208, authorizing the action when the tenant holds possession after termination of his lease.

*Appeal from Washington District Court.*—HON. BEN. McCoy, Judge.

THURSDAY, DECEMBER 14, 1899.

ACTION for forcible entry and detainer. A jury was impanelled, and, after the evidence for the plaintiff had been

submitted, a verdict for the defendant was returned by direction of the court. From the judgment rendered thereon, the plaintiff appeals.—*Affirmed.*

*C. J. Wilson* and *H. & W. Scofield* for appellants.

*H. M. Eicher* and *Coykendall & Hughlin* for appellee.

Robinson, C. J.—The evidence submitted established facts, as follows: In February, 1896, James Connor, then the owner of the premises in controversy, leased them, by an instrument in writing, to Wood Spurgeon and the defendant, Wiggins, for the term of three years from the 1st day of the next month. The lessees took possession of the property, and occupied it, under the lease, as partners, for about one year. In the latter part of February, 1897, they agreed to dissolve the partnership, and to surrender the premises to the plaintiff, if he would accept them. He had purchased them subject to the lease. Spurgeon spoke to him in the latter part of February, 1897, in regard to terminating the lease, and they finally agreed that it should be terminated. On the 8th day of March the plaintiff, and Spurgeon, acting for himself and Wiggins, entered into a formal agreement, in writing, by which all right and interest created by the lease were released to the plaintiff. The right of Spurgeon to act for Wiggins in terminating the lease is fully shown. Wiggins did not leave the premises, however, and on the 9th day of March a formal notice in writing to quit and surrender possession of the premises within thirty days from the giving of the notice was served on him. On the 9th day of April a similar notice, requiring him to quit the premises within three days, was served. On the 13th day of the same month this action to recover possession of the premises was commenced in justice's court. A trial in that court was had, and resulted in a judgment in favor of the plaintiff, but an appeal was taken to the district court, with the result already stated.

One of the defenses pleaded by the defendant is that the action is barred by the statute of limitations, for the reason that the defendant was in uninterrupted and peaceful possession of the premises in dispute more than thirty days after the plaintiff's alleged cause of action accrued, before this action was commenced. Section 4208 of the Code authorizes such an action as this when the tenant holds possession of the leased premises after the termination of his lease, but section 4217 provides that "thirty days' peaceful possession with the knowledge of the plaintiff after the cause of action accrues" is a bar to the action. The lease of the defendant was terminated on the first day of March, 1897, by the verbal agreement with Spurgeon, or certainly not later than March 8th, when the release in writing was executed. It clearly appears that the defendant did not occupy the premises with the assent of the plaintiff after the written lease was terminated. Therefore the thirty days' notice in writing, for which section 2991 of the Code provides, to terminate a tenancy at will, was not required; and as the defendant was in peaceful possession of the premises, with the knowledge of the plaintiff, more than thirty days before this action was commenced, it is barred by section 4217. *Heiple v. Reinhart,* 100 Iowa, 525. Since the controlling facts were established without conflict in the evidence, the district court properly directed a verdict for the defendant, and its judgment is AFFIRMED.

GRANGER, J., not sitting.