B. H. WIXOM, et al., Appellees v. W. H. HOAR, Appellant.

Actions: CHANGE OF VENUE: IMPLIED CONTRACT: WAIVER OF ERROR.

1  An action must be brought in the county where the defendant resides, unless founded upon a written contract expressly providing for performance at some other place. A contract by implication will not confer jurisdiction in a county other than that of defendant's residence. So that where a lease providing for payment of rent in a county other than the tenant's residence had

expired, an action in that county for rent which accrued while the tenant was holding over was on an implied contract, and subject to removal; and the error in refusing the change was not waived by going to trial.

**Same:** CHANGE OF VENUE: WAIVER. Nor was the error in denying a change of venue in this case waived by reason of the fact that some time after the ruling on the motion to change the defendant filed a substituted answer, admitting that he used and occupied the lands described in the petition substantially on the terms alleged, and that the agreed rental was the sum stated by the plaintiff and was payable at the place specified by him.

*Appeal from Union District Court.*—HON. H. K. EVANS and T. L. MAXWELL, Judges.

SATURDAY, FEBRUARY 15, 1913.

ACTION to recover rent. Defendant pleaded a set-off, and, on the issues joined, the jury returned a verdict for plaintiff allowing defendant a part, if not all, of his set-off. Defendant appeals.—*Reversed.*

*Meyerhoff & Gibson,* and *Perry Armitage,* for appellant.

*D. W. Higbee,* for appellees.

DEEMER, J.—Defendant is a resident of Adams county, and on or about December 13, 1905, he rented of plaintiff a certain tract of land in Adams county for the term of one year. The lease was in writing, and by the terms thereof defendant agreed to pay for the use of the land the sum of $425 as follows: "Notes as follows: $212.50, December 1, 1906; $212.50, February 1, 1907, with 8 per cent. interest from maturity." Notes were executed contemporaneously with the lease, and each of these contained a provision that payment should be made at the "Union County Savings Bank, Kent, Iowa"; Kent being in Union county. Defendant promptly paid these notes as agered, and, according to the

allegations of the petition: "At the termination of the term created in said lease, to wit, March 1, 1907, said defendant held said premises for the year commencing March 1, 1907, and terminating March 1, 1908, without any new lease either verbal or in writing, and with the implied understanding that the same terms and conditions which governed said tenancy in the year terminating March 1, 1907, were applied to the year terminating March 1, 1908. And that thereby the said defendant then and there became bound to pay plaintiffs the sum of $212.50 at the Union County Savings bank at Kent, Iowa, on December 1, 1907, and the same amount on February 1, 1908, with 8 per cent. from and after said last-mentioned date." Attached to the petition and made a part thereof was the original written lease; and, although the original notes were not attached, they were referred as having been made payable in Union county.

I.   This action was brought in Union county, but defendant was served in Adams county, that being the county of his residence. Defendant appeared and filed

1. ACTIONS: change of venue: implied contract: waiver of error.

a motion to change the venue to Adams county because that was the county of his residence. This motion was overruled by Judge Evans, and thereafter the case came on for trial in the district court of Union county before Hon. T. L. Maxwell, Judge, upon issues joined after the overruling of the motion for change of place of trial. There was a verdict for plaintiff in the sum of $112.50, and from the judgment entered thereon, defendant appeals. The only question raised by the appeal is the correctness of the ruling on the motion for change of venue.

Section 3501 of the Code provides that all personal actions, save as otherwise provided, must be brought in the county in which some of the defendants actually reside, and section 3496 provides, in substance, that when, by its terms, a written contract is to be performed at a particular place, action for the breach thereof may, except as other-

wise provided, be brought in the county wherein such place is situated. Section 3504 provides that, when an action is brought in the wrong county, it may be there prosecuted unless defendant, before answer, demands a change of place of trial to the proper county, in which case the court shall order the same at the costs of plaintiff.

Plaintiff contends that this action is brought upon a written contract in which the place of performance is expressly stated to be in Union county, and that in any event defendant waived the error in the ruling, if any there be, by expressly pleading in a substituted answer on the day of trial: "That the defendant admits that he used and occupied the lands of the plaintiff as set out in Exhibit A attached to the plaintiff's petition, for the year ending March 1, 1908, on substantially the same terms as set out in the plaintiff's petition, and that the agreed rental therefor was the sum of $425, which was payable at the Kent Savings Bank, or the Union County Savings Bank of Kent, Iowa." It will be observed that action cannot be brought in a county other than that of defendant's residence, except it be upon a written contract which expressly provides that it is to be performed at some other place; and the pivotal question in the case is: Is this action brought upon such a written contract? If upon a contract implied as of law or of fact, the statute does not apply, and, if there be a written contract, the agreement to pay or perform at a given place must be express, in order to give a court at that place jurisdiction of the person. A contract arising from implication will not suffice. *Wayt & Son v. Meighen,* 147 Iowa, 26; *Baily v. Birkhofer,* 123 Iowa, 59; *Ft. Dodge Co. v. Willis,* 71 Iowa, 152; *Manley v. Wolfe,* 24 Iowa, 141; *Hunt v. Bratt,* 23 Iowa, 171. It is quite evident that there was no written contract between these parties for the year 1907-08. The written agreement of which the notes constituted a part, was for the previous year, and defendant is to be held, if at all, because of his conduct after the expiration of the written

lease. In many of the states, a tenant holding over after
the expiration of a written lease may, at the option of the
lessor, be held to be a trespasser, a tenant at will, or a tenant
from year to year. *Goldsborough v. Gable,* 140 Ill. 269, (29
N. E. 722, 15 L. R. A. 294) ; *Gardner v. Dakota,* 21 Minn. 33 ;
*Evertson v. Sawyer,* 2 Wend. (N. Y.) 507; *Ganson v. Bald-
win,* 93 Mich. 217, (53 N. W. 171) ; *O'Brien v. Troxel,* 76
Iowa, 760; *German Bank v. Herron,* 111 Iowa, 25; *Fischer
v. Johnson,* 106 Iowa, 181; *Martin v. Knapp,* 57 Iowa, 336.
Where the rule obtains that in holding over a tenant is pre-
sumed to be a tenant from year to year, the tenancy is sub-
ject to all the covenants and stipulations contained in the
original lease, so far as applicable to the new condition of
things. See cases last above cited. But even here, there is
nothing more than a presumption which may be varied by
parol testimony. *Gardner v. Dakota,* 21 Minn. 33; *Hyatt v.
Griffith,* 17 Q. B. 505, (79 E. C. L. 505).

In virtue of a statute of this state (Code, see section
2991) a tenant holding over is presumed to be a tenant at
will until the contrary is shown. But where he holds over
for an entire year and the landlord received a part of the
rent and recognizes the tenancy, perhaps a tenancy for the
year is to be implied, upon the terms and conditions of the
old lease, so far as applicable. But even this last statement
is doubtful. See *O'Brien v. Troxel,* 76 Iowa, 761, from which
we quote the following: "The contention of the plaintiff
is that when a tenant for years holds over after the termi-
nation of the tenancy with the assent of his landlord, and
pays rent according to the terms of the lease, a tenancy from
year to year is thereby established. Counsel for the defend-
ant concede that, in the absence of a statute, the preponder-
ance of authority is to this effect; but such, he claims, is not
the universal rule in this country. His contention is that
there is a statute which changes or modifies the common-law
rule. Such statute is as follows: 'Any person in the posses-
sion of real property with the assent of the owner is pre-

sumed to be a tenant at will until the contrary is shown.'
Code, section 2014. The defendant therefore was a tenant
at will, unless the contrary has been shown. The parties did
not so agree. There is no contract whereby a tenancy from
year to year was created after the time fixed in the lease
expired. At most, it may be said that there is a presump-
tion, which obtains at common law, that by reason of the
acts and conduct of the parties such a tenancy existed. But
it seems to us this must be overcome by the statutory pre-
sumption.. Both cannot exist at the same time, for the rea-
son that they are antagonistic and inconsistent. To over-
come the statutory presumption, it seems to us that some-
thing more than another presumption must be shown; such
as an agreement or contract. This, it seems to us, is the
better, more certain, and definite rule.''

Again in *German Bank v. Herron,* 111 Iowa, 25, we said:
''At the expiration of the term, Berner, who continued in
possession with the assent of his landlord, became, under our
statute, a tenant at will. *O'Brien v. Troxel,* 76 Iowa, 760;
*City of Dubuque v. Miller,* 11 Iowa, 583. There is no reason,
however, for extending the statute beyond its terms. Under
the law as it formerly stood, a tenancy from year to year,
or for less time, when definitely fixed, as the term in the
lease, was implied from the tenant holding over with the
assent of the landlord; and this under the same conditions
as specified in the contract, in so far as applicable to the
new situation. *Herter v. Mullen,* 159 N. Y. 28, (53 N. E.
700, 44 L. R. A. 703, 70 Am. St. Rep. 517); *Mason v. Wier-
engo's Estate,* 113 Mich. 152, (71 N. W. 489, 67 Am. St. Rep.
461); *Crommelin v. Thiess,* 31 Ala. 412, (70 Am. Dec. 499);
*Goldsborough v. Gable,* 140 Ill. 269, (29 N. E. 722, 15 L. R.
A. 294); *DeYoung v. Buchanan,* 10 Gill & J. (Md.) 149, (32
Am. Dec. 156); *Diller v. Roberts,* 13 Serg. & R. (Pa.) 60,
(15 Am. Dec. 578). This doctrine has even been extended to
leases void as against the statute of frauds, where evidence
may be introduced establishing them. *Laughran v. Smith,*

75 N. Y. 205; *Marr v. Ray*, 151 Ill. 340, (37 N. E. 1029, 26 L. R. A. 799). The contract creating the relation of tenancy is implied in every respect as before, save that of duration, and Berner was bound to payment according to the provisions of the written lease. See *Huntington v. Parkhurst*, 87 Mich. 38, (49 N. W. 597, 24 Am. St. Rep. 146). . . . But how long in the future does a tenancy at will, implied under the statute, extend? Is it for an uncertain time, to be fixed at the pleasure of one or both of the parties thereafter? If so, then the extent of the landlord's lien on the property used by the tenant on the premises cannot be estimated, or even conjectured, as the term may run on indefinitely. We think it reaches ahead no further than is required to terminate it by one of the parties. Neither is bound for a longer period. Such a holding is just to the landlord and also to creditors. The former may protect himself by ending the tenancy on thirty days' notice and, if he does not care to do so, his lien for rent to accrue after the lapse of that time from the attaching of other liens' will be subject to them; that is, the duration of a tenancy at will at any moment is the period within which it may be terminated on notice. This was the conclusion reached in *Thorpe v. Fowler*, 57 Iowa, 541, where the defendant in May, 1878, went into possession of a building under an oral lease for one year, with the privilege of five, and occupied it till October, 1880. The intervener's mortgage was executed in February, 1880, and the action was for the rent accruing during the five and one-half months previous to October of that year. The lease for one year was valid, only the right to have it extended being void under the statute of frauds. Fowler then at the end of one year became a tenant at will (possibly at the end of two, as suggested in the opinion), under the condition of the oral lease for the payment of rent. The mortgage was adjudged to be the superior lien, because of there being no contract at the date of its execution. Reference was had to an express contract, though possibly the writer of the opin-

ion had in mind the thought, sometimes found in the books, that the obligation of a tenant holding over springs from a duty the law imposes, rather than a contract implied.''

To the same effect, see *Andrews v. Marshall Creamery Co.,* 118 Iowa, 595.

No matter which view obtains, it is perfectly clear that the tenant, if bound at all, is held under an implied contract, as is pointed out in the *German Bank* case, *supra.* And the action is upon an implied contract. *Ellis v. Paige,* 18 Mass. (1 Pick.) 43; *Brewer v. Knapp,* 1 Pick. (Mass.) 332.

Plaintiff, in his petition, recognized this rule, for he did not seek to recover upon a written contract, but pleaded facts upon which an implied contract arose. True, the terms of that contract are presumed to be the same as the written one; but it is none the less a parol contract arising by implication. As the action was not and could not have been upon a written contract, there was no written agreement that it be performed at a particular place, and the motion to change the place of trial should have been sustained.

II.  Defendant did not waive the error by going to trial. *Foss v. Cobler,* 105 Iowa, 728; *Moyers v. Nursery Co.,* 125 Iowa, 672; *Baily v. Birkhofer,* 123 Iowa, 59; *Hunt v. Bratt,* 23 Iowa, 171; *Kell v. Lund,* 99 Iowa, 153.

Nor did he waive it by the statements in the substituted answer which we have quoted. These statements were long after the erroneous ruling was made; and 2. SAME: change of venue: waiver. after that the court had no jurisdiction of the matter unless the defendant expressly waived the error and consented that the court be invested with jurisdiction. This he did not do. He did not allege that the contract was written. No estoppel can be found, for plaintiff did not act upon the strength of defendant's statements in his answer.

For the error in overruling the motion to change the venue, the judgment must be, and it is, *Reversed.*