FRITCH & HIMES, Appellees, v. S. V. REYNOLDS, Appellant.

**LANDLORD AND TENANT:** Holding Over—Effect. Under a lease
1    providing that the lessee might have an extension for a named
      time by giving a prescribed notice, the naked holding over,
      without giving such notice, will not be deemed such extension.

**FORCIBLE ENTRY AND DETAINER:** Limitation on Action. A
2    landlord who serves his tenant at will with a 30-day notice of
      the termination of the tenancy, and then allows the tenant to
      remain in possession for 30 days following the expiration of
      said notice, may not resort to an action of forcible entry and
      detainer.

*Appeal from Mahaska District Court.*—H. F. WAGNER,
Judge.

FEBRUARY 23, 1920.

REHEARING DENIED MAY 17, 1920.

ACTION of forcible entry and detainer, commenced in justice of the peace court, and, by agreement, transferred to the district court, where same was tried without a jury. Judgment for plaintiff. Defendant appeals.—*Reversed.*

*C. C. Orvis* and *J. C. Heitsman,* for appellant.

*Malcolm & True,* for appellees.

STEVENS, J.—Defendant leased and occupied an office in a building situated on Lot 5, Block 13, Official Plat Oskaloosa, Iowa, under a written lease, for a term of 3 years, with the privilege of 5 years, upon giving the landlord notice of his election to extend the term at least 60 days before the expiration of the shorter term. The petition

1. LANDLORD
AND TEN-
ANT: holding
over: effect.

alleged that defendant had occupied said premises with the assent of the owner since March 1, 1918, and that the usual notice to terminate the tenancy and to quit were given; and asked judgment for possession. Defendant admitted that the notices were given, as charged, and averred that he excercised the option given him by the lease to extend the term until March 1, 1920, by giving notice to plaintiff, as provided in said lease, and that the action was barred by Section 4217 of the Code. Plaintiff, in reply, alleged that the lease was forfeited for the nonpayment of rent. A statement of the facts, so far as material to an understanding of the questions decided, follows:

Three questions presented by appellant's appeal require decision:  (a) Did defendant exercise the option given him by the lease to extend the term from March 1, 1918, to March 1, 1920? (b) If not, was he, at the time the notice was served, on June 11, 1919, a tenant at will?  (c) Was plaintiff's cause of action barred, under Section 4217 of the Code?

Defendant testified that he gave oral notice of his election to extend the term to March 1, 1920, and that he was, therefore, not, under Section 2991 of the Code, a tenant at will. The court evidently found against him upon the facts, and, as there is a dispute in the evidence, this finding is final and binding upon this court.

It is, however, further claimed by defendant that, as he continued in possession for many months after March 1, 1918, the law will presume that he availed himself of the right under the option, and that he was in possession under the terms of the lease. If the lease gave defendant a mere option to occupy the premises for an extended term, holding over after the expiration thereof will constitute an election to hold for the additional term, and a tenant holding over, without a new arrangement, is bound for the additional term; but, where the lease contains an agreement for a mere option to renew, some affirmative act upon the part of the tenant is necessary, to extend the term. *Andrews v. Marshall Creamery Co.,* 118 Iowa 595.

As the court found that no affirmative action was taken, an extension of the term will not be presumed from the mere continuance of the tenant in possession of the premises. The court must have held that the term expired March 1, 1918, and we are bound by this holding.

Section 2991 of the Code provides as follows:

2. FORCIBLE ENTRY AND DETAINER: limitation on action.

"Any person in the possession of real estate, with the assent of the owner, is presumed to be a tenant at will until the contrary is shown, and thirty days' notice in writing must be given by either party before he can terminate such a tenancy. * * *"

We have frequently had occasion to apply this statute. *Kellogg v. Groves,* 53 Iowa 395; *Martin v. Knapp,* 57 Iowa 336; *Goldsmith v. Wilson,* 68 Iowa 685; *O'Brien v. Troxel & Bro.,* 76 Iowa 760; *Heiple v. Reinhart,* 100 Iowa 525; *McClelland v. Wiggins,* 109 Iowa 673; *German State Bank v. Herron,* 111 Iowa 25; *Denecke v. Miller & Son,* 142 Iowa 486; *Hall v. Henninger,* 145 Iowa 230; *Wixom v. Hoar,* 158 Iowa 426; *Halligan v. Frey,* 161 Iowa 185; *Sanders v. Sutlive Bros. & Co.,* 163 Iowa 172. He does not, however, become a tenant at will until 30 days after the expiration of the lease. *Hall v. Henninger,* supra.

A tenancy at will may be terminated by either party, by serving upon the other a 30 days' notice in writing to that effect. On April 22, 1919, plaintiff served a 30 days' notice upon the defendant, in writing, fixing the 22d day of May, 1919, as the date for terminating the tenancy, and again on June 7, 1919, another 30 days' notice, terminating the tenancy, and, on July 3d, a 3 days' notice was served upon the defendant, and, on the 11th day of July, this action was commenced.

It is argued by counsel for appellant that defendant had 30 days' peaceable possession of the premises after May 22, 1919, the date fixed by the first notice for terminating the tenancy, and that plaintiff's cause of action is, therefore, barred by Section 4217, which provides as follows:

"Thirty days' peaceable possession with the knowledge

of the plaintiff after the cause of action accrues is a bar to this proceeding."

On the other hand, it is the theory of appellee that the failure of plaintiff to take the necessary steps to obtain possession upon the expiration of the 30 days' notice, expiring May 22d, did not interrupt the tenancy, and that the service of another 30 days' notice to terminate the same was necessary, before an action of forcible entry and detainer could be commenced. If the contention of appellee is sound, then, clearly, plaintiff's cause of action was not barred at the time of its commencement.

The defendant in *Heiple v. Reinhart*, supra, was in possession of premises under a life lease, which required her to pay the taxes thereon, and provided that, if default was made in the performance of any of the covenants of the lease, or she permitted the taxes to become delinquent, then same should be forfeited, and the lessors might re-enter, and take possession thereof. Defendant failed to pay the taxes for the years 1892 and 1893, and permitted them to become delinquent, and, on April 24, 1894, was served with a 3 days' notice to surrender possession of the premises. An action in forcible entry and detainer was commenced on the 2d of May. There was a demurrer to the petition, upon the ground that the petition showed upon its face that defendant had her 30 days' peaceable, uninterrupted possession, with the knowledge of the plaintiff, after the cause of action accrued, and the same was, therefore, barred. The taxes due for the year 1893 did not become delinquent until the first of April, 1894, but more than 30 days elapsed before the action was commenced. The demurrer was sustained.

In *McCelland v. Wiggins*, supra, the lessee in possession under a lease that had not yet expired, agreed in writing, on March 8, 1897, with the purchaser of the premises from the lessor, to surrender the lease and possession of the premises; but one of the parties refused to give possession, and, on the following day, a 30-day notice to quit and surrender the premises was served on him, and, on the 9th day of

April, a 3 days' notice. Action was commenced on the 13th of the same month. The court held that, as defendant was in the peaceable possession of the premises for 30 days with the knowledge of the plaintiff, after the cause of action accrued, same was barred.

The facts found by the court in *McRobert v. Bridget,* 168 Iowa 28, were as follows: On the 14th of April, 1912, notice of the forfeiture of certain contracts, under which the defendant was in possession of certain real property, was served, fixing May 20th as the date for such forfeiture. On June 19, 1912, a 30-day and a 3-day notice to quit was served. Action was commenced August 1, 1912. The statute was held to bar the action. It will be observed in this case that more than 30 days elapsed after the notice of forfeiture before the action was commenced, which was within 30 days after the expiration of the 30-day notice.

It will also be noticed that, in the case at bar, more than 30 days elapsed after the time fixed by the first notice for terminating the tenancy, before this action was commenced. From the service of that notice, appellant ceased to occupy the premises with the assent of the owner. It is true that the tenancy did not cease to exist until the expiration of the time fixed by the notice, but the steps taken by the landlord were the necessary legal steps for the removal of the tenant from possession. Action was not commenced, however, until more than 30 days after the time fixed by the notice, and, surely, the defendant was not thereafter in possession with the assent of the landlord. The 3 days' notice to quit must be given, preliminary to the commencement of an action of forcible entry and detainer; but it was said in *McRobert v. Bridget,* supra, that this notice could not be given until the cause of action accrued. It follows that plaintiff's cause of action at the time same was commenced was barred by Section 4217 of the Code. Forcible entry and detainer is designated by the statute as a summary remedy, and is, in fact, a rather drastic one, and the statute conferring the right thereto will be given strict construction. Plaintiff is not, however, without the remedy

given him by Section 4182 of the Code. His petition could have been amended at any time, so as to invoke the provisions of this statute. *Denecke v. Miller & Son*, supra.

The facts in *Newell v. Sanford*, 13 Iowa 191, relied upon by counsel for appellee, are not analogous to the facts in the case at bar. The defendant in the cited case remained in possession of the premises for years after a notice terminating the tenancy had been served, and the court held that he continued to be a tenant at will. This fact, which is emphasized in the opinion, left no doubt that the possession was with the assent of the landlord. The statute of limitations was not involved.

Other questions discussed by counsel for appellant are without substantial merit, and, in view of our conclusion that plaintiff's cause of action was barred by the statute, it is unnecessary to discuss or decide the same. It follows that the judgment of the court below must be, and is,— *Reversed.*

WEAVER, C. J., LADD and GAYNOR, JJ., concur.