YOUNG *versus* YOUNG.

The lessee of a farm, by parol, where the rent is payable yearly, must have three months notice to determine his tenancy.

·A conveyance of the estate, by the landlord, will not impair the right secured by the provisions of the statute to a *tenant at will.*

Nor will the commission of *waste* terminate his tenancy.

An estate at will, existing under the statutes of this State, gives to the tenant rights for a period *after* a written notice to quit, of equal validity with those acquired under a written lease for a *like period.*

And until such tenancy is terminated, trespass *quare clausum* cannot be maintained by the owner against him.

ON REPORT, from *Nisi Prius,* APPLETON, J., presiding.

TRESPASS *quare clausum.*

The writ contained but one count, for breaking and entering the plaintiff's close, Aug. 31, 1852, and carrying away 50 loads of manure of the value of $100.

The defendant pleaded the general issue, and filed a brief statement, that he occupied the premises and had so done for three years under one Philander Coburn, and entered and took the manure which was his own, as he had a right to do.

The defendant had occupied the premises since Oct. 1848, without any written lease, under Philander Coburn, the owner, with whom the rent had been settled up to and for the year 1851; and he commenced labor on the farm in the spring of 1852, in the same manner he had done the previous years. The rent was paid at the end of the year.

On July 24, 1852, Coburn sold and deeded the farm to the plaintiff, "reserving all crops growing on the same, excepting hay and grass."

On the day mentioned in the plaintiff's writ, and about that time, the defendant hauled away sundry loads of manure from the barn yard of said farm and put it upon his own land, though forbidden by the plaintiff.

. On the facts, the Court were to render such judgment as the law might require.

*J. S. Abbott,* for the plaintiff, contended, —

1. That the tenancy expired by limitation according to the

evidence in the case, and was not renewed for the year 1852.

2. The lease having expired, the defendant was liable in an action of trespass for removing the manure. *Lassell v. Reed,* 6 Maine, 222.

3. If defendant was tenant at will after 1851, it was determined by the conveyance of Coburn to plaintiff on July 24, 1852, and even if he had any right to remove the manure, such right would only remain a reasonable time, which reasonable time expired prior to Aug. 31, 1852, the time of the alleged trespass.

4. The deed of Coburn to plaintiff, conveyed the manure as part of the realty. *Kittredge v. Woods,* 3 N. H. 503.

5. Whether the tenancy was ended or not the defendant is liable. For if not ended, *it was waste* to remove the manure, and *the tenant committing waste, is at once liable to the landlord or his grantee in an action of trespass quare clausum. Daniels* v. *Pond,* 21 Pick. 367.

In the case just cited, the principles involved in the case at bar, are fully and ably discussed, and several adjudged cases considered.

*Webster,* for the defendant, relied upon these positions ; —

1. That he was tenant at will under Coburn, and at the time of the alleged trespass his tenancy had not been terminated. He had commenced the year in which the land was sold to plaintiff, the same as former years and three fourths of the year had passed when the sale was made. He was then entitled to three months notice to quit. R. S. c. 95, § 19.

2. As he had at no time neglected to pay his rent, by the terms of his tenancy, nothing was due July 24, 1852. 12 Maine, 478; 25 Maine, 283, and he was then entitled to three months notice.

3. Nor can the sale from Coburn to plaintiff deprive the defendant of any rights he would have had, if he had occupied under a written lease. Where the rent is paid when due, the sale does not terminate the tenancy until three months have expired, and when he does not pay, the tenancy is not

terminated till thirty days notice to quit. In this case, no notice of any kind was given.

4. But if the tenancy at will was terminated by the sale, the respondent still remained in possession with the assent of plaintiff, and he was then a tenant by sufferance. 16 Mass. 1; 17 Mass. 282. In such case the action of trespass will not lie against him. 14 Pick. 525; 25 Maine, 287.

5. If the defendant be not guilty of breaking and entering, the plaintiff cannot recover for carrying away the manure. There is but one count in the writ, and the substantial charge, is the breaking and entering, and the other allegations are but aggravations of that charge, and if the substantive charge fail of proof, plaintiff cannot recover for the aggravation. 4 Pick; 239. 3 T. R. 279.

6. But if the sale of the land terminated the tenancy, defendant is after that entitled to a reasonable time in which to take off all those things, that he would have been authorized to take off during the continuance of his term, had he known when it would have terminated. 19 Maine, 252; 13 Maine, 209; 24 Maine, 242; 17 Mass. 282; Co. Lit. 56, a.

7. That the reservation in the deed under which plaintiff claims, authorized or licensed the respondent to enter, and that having license to enter, whatever he might do after his entry would not render him liable in trespass *quare clausum.*

SHEPLEY, C. J. — The defendant appears to have been in possession of the farm as a tenant without any written lease, from October 21, 1848, to the time of the alleged trespass upon it, on August 31, 1852. That tenancy could not have terminated shortly before the time of the trespass alleged ; and the landlord could not therefore have entered without notice, on the ground of its termination at that time.

While Coburn was owner he allowed the defendant to continue his tenancy as in former years, not only making no objections but approving of his doing so.

By virtue of the statute, c. 91, § 30, the tenancy, which by the common law would have been from year to year, became

---

one at will. It does not appear, that the defendant had neglected to pay the rent according to agreement, or that his rent was payable before the close of the year, and in such cases the tenant by statute c. 95, § 19, is entitled to three months notice to terminate his tenancy. By his conveyance from Coburn the plaintiff became the owner of the farm; subject to the rights of the tenant, which being secured to him by the provisions of the statute could not be destroyed by the conveyance.

It is insisted, that the acts of the defendant amounted to waste, and that his estate was thereby determined; and the case, *Daniels* v. *Pond*, 21 Pick. 367, is relied upon as authority for the position. A tenancy at will, by the common law, would be determined by the commission of waste by the tenant. The case cited, and the cases upon which it rests, have reference to such a tenancy at will.

An estate at will existing by the statutes of this State, gives to the tenant rights for a period, after a written notice to quit, of equal validity with those acquired under a written lease for a like period. Such rights would not be destroyed by the commission of waste by the tenant; and the landlord might be left for redress to his action on the case in nature of waste. The only count in the declaration is trespass *quare clausum.* The plaintiff failing in his proof of that cannot recover for taking the manure, which was only an aggravation of the trespass alleged.                    *Plaintiff nonsuit.*

TENNEY, RICE, APPLETON, and CUTTING, J. J., concurred.