2,6

MASON *v.* WIERENGO'S ESTATE.

113  151
115  646
113    151
s71NW 489
s67ASR 461
132  ²654

1.  LANDLORD AND TENANT—HOLDING OVER—ACT OF GOD.
    The fact that a tenant for a term of years becomes seriously ill shortly before the expiration of his term, and after removal operations have actually begun, does not deprive the landlord of his right to treat the tenant's failure to complete the removal before the lease expires as a renewal of the lease for another year.

2.  SAME—INTENT—ELECTION OF LANDLORD.
    The right of a lessor to treat a lessee who holds over after the expiration of his term as a tenant, and not a trespasser, is not affected by the fact that the lessee had no intention of renewing his lease.

Error to Muskegon; Russell, J.    Submitted April 9, 1897.    Decided May 28, 1897.

Lyman G. Mason presented a claim for rent against the estate of Andrew Wierengo, deceased.    The claim was disallowed by the commissioners, and claimant appealed to the circuit court.    From a judgment for part of the amount claimed, on verdict directed by the court, claimant brings error.    Reversed.

*Arthur Jones*, for appellant.

*Bunker & Carpenter*, for appellee.

HOOKER, J.   The plaintiff, being owner of a building, leased the same for a term of years, at an annual rental, to Wierengo, who occupied it as a store.   A short time before the expiration of the lease, Wierengo rented another building, and informed the plaintiff that he should vacate the building owned by him at the expiration of the lease. Preparation for removal began September 19th, and actual removal began before September 26th.   Counsel for the defendant claim that the lease expired October 1st, at midnight.   On September 26th, after the removal began, Wierengo was taken sick. ' The work of removal was continued by his clerks, but was not finished until October 11th.   Mr. Wierengo died on the 6th of October. ' Under these circumstances, counsel for the defense assert that the presumption of a renting for another year is rebutted. They also contend that it was made impossible for Wierengo to vacate, by the act of God.

If it is contended that the act of God excuses one from the performance of his express contract to yield possession at the expiration of his lease, we are unable to acquiesce in the contention.   It is only in those contracts which the act of God renders impossible of performance—as where the subject-matter of the contract dies, or is destroyed, or where personal labor is contracted for, and the person dies or becomes incapacitated through the act of God—that a party is excused from performance.   See Beach, Cont. § 217, where this question is discussed, and 1 Am. & Eng. Enc. Law (2d Ed.), 588–592, where a large list of authorities confirm this doctrine.   If, therefore, the sickness of Mr. Wierengo has any bearing upon the case, it is as a circumstance bearing upon the question of the rebuttal of the presumption.

Counsel urge strenuously that the presumption of an intention to renew the lease for a year arising from holding over is not conclusive, but that it may be rebutted. As a matter of fact, undoubtedly it may; but it is not so clear that it would constitute a defense against the claim of a landlord who should acquiesce, and elect to treat the

holding over as a renewal of the lease for a year, rather than as a trespass. In the absence of qualifying circumstances implying consent to a holding under some new arrangement, the holding over is a legal trespass, and does not depend upon the intention of the tenant. It is a wrongful holding, whatever the cause, though perhaps not culpable in a moral sense, and the rights of the landlord are definitely fixed by the law. This question was reviewed in *Campau* v. *Michell*, 103 Mich. 623, and the opinion of the court as there indicated was contrary to the defendant's position in this case. | That case was exceptional, in that the defendant's tenant was, induced to hold over by the mistake or misconduct of the plaintiff's agent, and the doctrine of estoppel was applied. See, also, *Bradley* v. *Slater*, 50 Neb. 682.

We think that there is uniformity in the decisions against the contention that the intention to vacate as soon as possible can affect the right of the landlord to elect to treat the holding over as a renewal of the lease for a year. It requires some express or implied consent upon his part to a holding over upon other conditions. This is wanting here. Counsel urge the hardship of the application of the rule in this case, but we cannot say that there is or is not hardship, or that we would be justified in imposing a burden upon the plaintiff to relieve the defendant from a legal obligation. He appears to have tried to rent the place, and has given defendant credit for what he has been able to derive from the building. Had Wierengo lived, he might have made the same claim if asked to pay the rent for another year, but it would not have relieved him. The situation, as it is, only differs in the degree of inconvenience, intensified as it is by the death of Wierengo, and the change in his affairs naturally resulting. It is unfortunate for his representatives that the store was not vacated, but we discover no legal reason for lifting the burden of misfortune from them, and imposing it upon another, who is in no way responsible for it.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.