WIERENGO *v.* MASON.

EQUITY—RESTRAINING ACTION AT LAW.

It is not within the province of equity to intervene and enjoin the prosecution in a court of law, having jurisdiction of the parties and the subject-matter, of a cause of action given to plaintiff under the well-settled rules of law, because in the particular case a hardship will be done if the cause of action is enforced.

Appeal from Muskegon; Russell, J. Submitted February 1, 1898. Decided February 16, 1898.

Bill by Jennie Wierengo, executrix of the last will and testament of Andrew Wierengo, deceased, against Lyman G. Mason and Arthur Jones, to enjoin the prosecution of a suit at law. From a decree dismissing the bill on demurrer, complainant appeals. Affirmed.

*Bunker & Carpenter*, for complainant.

*Jones & Kennedy*, for defendants.

MOORE, J. This is a proceeding to enjoin the prosecution of an action at law in which Lyman G. Mason is plaintiff, and the estate of Andrew Wierengo is defendant, in which case a new trial was granted in May, 1897. *Mason* v. *Wierengo's Estate*, 113 Mich. 151. A reference to that case will make it unnecessary to make a de-

tailed statement here. When the litigation was here before, it was held that, under the conceded facts of the case, Mr. Mason was entitled · to recover. It is not claimed that conditions have changed, or that the facts are different upon this record from what they were in the other, but it is said that the opinion in that case was rendered, though it worked a hardship, because the law was technical and inelàstic, and that equity will grant relief against the strict, rigid, and oppressive rules of the common law, and that it ought to intervene here.

We never have understood that where a court at law has jurisdiction over the subject-matter and the parties, and one of them has a cause of action against the other, given to him by the well-settled rules of law, equity will intervene because in the individual case a hardship will be done. We do not believe this is the province of a court of chancery. Without discussing the claim of counsel in detail, we content ourselves with citing 1 Pom. Eq. Jur. §§ 46, 47; 1 Story, Eq. Jur. §§ 18, 19.

We think the court very properly dismissed the bill of complaint. The decree is affirmed.

The other Justices concurred.