GERMAN STATE BANK, Appellant, v. O. F. HERRON, Sheriff.

**Tenancy at Will:** POSSESSION AFTER TERMINATION OF WRITTEN LEASE. Where a tenant from year to year continues in possession of leased premises with the assent of the landlord, after the termination of the lease, he becomes a tenant at will, under Code, section 2991, providing that any person in possession of real estate with the assent of the owner is presumed to be a tenant at will until the contrary is shown. The contract creating the relation of landlord and tenant is implied in every respect as before save that of duration, and payment was due as provided in the written lease.

NOTICE TO TERMINATE: *Sale of premises.* Under Code, section 2991, requiring that thirty days' notice in writing must be given by either party, to terminate a tenancy at will, the conveyance to one as trustee, by the landlord of premises held by a tenant at will does not terminate the tenancy.

LIEN FOR RENT. The lien for rent under a tenancy at will, resulting from possession after the termination of the written lease, reaches ahead only for the length of time necessary to end a tenancy by notice, and such lien is junior as to rent described below to that of a mortgage on property kept on the leased premises, which mortgage is executed after the termination of the written lease and prior to the accrual of rent due.

RULE APPLIED. On April 24, 1896, a tenant at will executed a chattel mortgage on his personal property located on the leased premises. The landlord conveyed the premises to a trustee on January 1, 1898, and also assigned to the trustee unpaid rent. The rent was paid until January 1, 1897. On April 26, 1898, the trustee instituted proceedings for the recovery of the rent, aided by a landlord's attachment. The property attached was replevied by the plaintiff under his chattel mortgage. *Held,* that

under Code, section 2991, requiring thirty days' notice in writing, to terminate a tenancy at will, the lien of the landlord for unpaid rent reached ahead only for the term required to terminate the tenancy, and hence the lien of the plaintiff was superior to that of the landlord.

*Appeal from Plymouth District Court.*—HON. F. R. GAYNOR, Judge.

THURSDAY, APRIL 12, 1900.

ACTION in replevin. Judgment for defendant. Plaintiff appeals.—*Reversed.*

*Sammis & Scott* for appellant.

*McDuffie & Keenan* and *Ira T. Martin* for appellee.

LADD, J.—Steiner, as owner, rented the premises to Berner, by written lease, for two years, beginning February 20, 1892; and, without any other agreement, the latter held possession until April 26, 1898. He paid the stipulated rental of sixty-five dollars per month up to January 1, 1897, but nothing since. Berner occupied the building with a stock of jewelry, watches, clocks, etc., and on April 24, 1896, executed to the German State Bank a chattel mortgage thereon to secure an indebtedness of five thousand dollars. On January 1, 1898, Steiner conveyed the premises to Koenig, trustee, and, at the same time assigned to him the written lease, and his claim for rent due. Koenig instituted suit April 26, 1898, for the unpaid rent, aided by a landlord's writ of attachment, under which the defendant, as sheriff of the county, held the property; and from him the plaintiff replevied it, under its chattel mortgage, three days later. Three questions are argued: (1) Was Berner in possession under the terms of the written lease at the time the chattel mortgage was executed? (2) If so, was that tenancy terminated by the conveyance to Koenig, trustee? And (3) is the lien for rent under a ten-

ancy at will superior to that of a chattel mortgage executed after the termination of the written lease, but prior to the accruing of the rent due? For convenience, the last may be disposed of first. At the expiration of the term, Berner, who continued in possession with the assent of his landlord, became, under our statute, a tenant at will. *O'Brien v. Troxel,* 76 Iowa, 760; *City of Dubuque v. Miller,* 11 Iowa, 583. There is no reason, however, for extending the statute beyond its terms. Under the law as it formerly stood, a tenancy from year to year, or for a less time, when definitely fixed, as the term in the lease, was implied from the tenant holding over with the assent of the landlord; and this under the same conditions as specified in the contract, in so far as applicable to the new situation. *Herter v. Mullen,* 159 N. Y. 28 (53 N. E. Rep. 700, 70 Am. St. Rep. 517); *Mason v. Wierengo's Estate,* 113 Mich. 152 (71 N. W. Rep. 489); *Crommelin v. Thiess,* 31 Ala. 412 (70 Am. Dec. 499); *Goldsborough v. Gable,* 140 Ill. 269 (29 N. E. Rep. 722, 15 L. R. A. 294); *De Young v. Buchanan,* 32 Am. Dec. 156; *Diller v. Roberts,* 15 Am. Dec. 578. This doctrine has even been extended to leases void as against the statute of frauds, where evidence may be introduced establishing them. *Loughran v. Smith,* 75 N. Y. 205, *Marr v. Ray,* 151 Ill. Sup. 340 (37 N. E. Rep. 1029, 26 L. R. A. 799). The contract creating the relation of tenancy is implied in every respect as before, save that of duration, and Berner was bound to payment according to the provisions of the written lease. See *Huntington v. Parkhurst,* 87 Mich. 38 (49 N. W. Rep. 597).

II.   Anciently a tenancy at will might be put at an end at the pleasure of either party. This was often oppressive to the tenant, as he might be deprived of possession before his crops had matured, and thereby subjected to much inconvenience in gathering them. It interfered with the proper cultivation of the soil. To obviate possible hardship, the courts construed every occupancy of land, where the relation

of landlord and tenant existed, not under the terms of a lease, as a tenancy from year to year, which could only be terminated on reasonable notice. In *Phillips v. Covert,* 7 John, 3, it was even held that a tenancy at will could not be created. The settled doctrine, however, seems to have been that while every occupation of land was to be deemed, *prima facie,* a tenancy from year to year, yet it might be shown to be a tenancy at will, or for any fixed period. *Stedman v. McIntosh,* 42 Am. Dec. 122. These rules were developed when agriculture was the main pursuit, and before other interests had assumed their present importance. While the statute still protects those in possession of land for the purposes of cultivation, it also affords protection to the owners and tenants of other property. "Any person in the possession of real estate, with the assent of the owner, is presumed to be a tenant at will until the contrary is shown, and thirty days' notice in writing must be given by either party before he can terminate such a tenancy; but when, in any case, a rent is reserved payable at intervals of less than thirty days, the length of notice need not be greater than such interval. In case of tenants occupying and cultivating farms, the notice must fix the termination of the tenancy to take place on the first day of March, except in cases of mere croppers, whose leases shall be held to expire when the crop is harvested; if the crop is corn, it shall not be later than the first day of December, unless otherwise agreed upon." Section 2991, Code. The justice of these provisions is illustrated by the case of *Mason v. Wierengo's Estate,* 113 Mich. 152 (71 N. W. Rep. 489), where a lessee, owing to sickness, held over eleven days, and because of this was adjudged liable for an additional year's rent. See, *contra, Herter v. Mullen, supra.* The effect of this section is to enlarge estates at will so as to include those formerly implied from year to year. The same reasons for requiring notice to terminate such a tenancy exist as before the change. At the common law, Berner would have been a tenant from year to year, and his tenancy

might not have been ended by a sale of the premises. *Kitchen v. Pridgen* (N. C.), 64 Am. Dec. 593. See note to *Stedman v. McIntosh,* 42 Am. Dec. 126. It was otherwise with an estate at will. *Esty v. Baker,* 50 Me. 325 (79 Am. Dec. 617); *Dame v. Dame,* 38 N. H. 429 (75 Am. Dec. 195); *Howard v. Merriam,* 5 Cush. 563. See *Fischer v. Johnson,* 106 Iowa, 181. But the statute seems to have been framed to meet the exigencies of the present time, and to be broad enough to cover all cases. It is imperative in exacting notice before any estate at will may be terminated. To hold that this might be obviated by selling the land would sanction a clear evasion of the letter as well as the spirit of the law. True, in *Esty v. Baker, supra,* a sale was adjudged to have that effect; but the act under which that case was decided was permissive in the matter of notice, and did not purport to do away with implied tenancies from year to year. Besides, stress was laid on the fact that the tenancy was one at will, under the common law, without payment of rent. *Young v. Young,* 36 Me. 133, is more in point. There the tenant had committed waste, which at common law, *ipso facto,* ended the relation; and it was adjudged that this did not destroy the tenancy, in the absence of statutory notice. The principles of sound policy require that estates implied under this statute be not terminated by either party without the notice prescribed. Thus alone can the protection intended in its enactment, to landlord and tenant alike, be given full effect. It follows that the tenancy of Berner was uninterrupted by the sale to Koenig, trustee. See *Huntington v. Parkhurst, supra.*

III.   It will be observed that the term of the written lease ended February 20, 1894, and the chattel mortgage was not executed until April 24, 1896. We have held that the lien for rent attaches for that to accrue in the future under the contract. *Brody v. Cohen,* 106 Iowa, 309. But how long in the future does a tenancy at will, implied under the statute, extend? Is it for an uncertain time, to be fixed

at the pleasure of one or both of the parties thereafter? If so, then the extent of the landlord's lien on the property used by the tenant on the premises cannot be estimated, or even conjectured, as the term may run on indefinitely. We think it reaches ahead no further than is required to terminate it by one of the parties. Neither is bound for a longer period. Such a holding is just to the landlord, and also to creditors. The former may protect himself by ending the tenancy on thirty days' notice, and if he does not care to do so, his lien for rent to accrue after the lapse of that time from the attaching of other liens will be subject to them; that is, the duration of a tenancy at will at any moment is the period within which it may be terminated on notice. This was the conclusion reached in *Thorpe v. Fowler,* 57 Iowa, 541, where the defendant in May, 1878, went into possession of a building under an oral lease for one year, with the privilege of five, and occupied it till October, 1880. The intervener's mortgage was executed in February, 1880, and the action was for the rent accruing during the five and one-half months previous to October of that year. The lease for one year was valid, only the right to have it extended being void under the statute of frauds. Fowler then at the end of one year became a tenant at will (possibly at the end of two, as suggested in the opinion), under the condition of the oral lease for the payment of rent. The mortgage was adjudged to be the superior lien, because of there being no contract at the date of its execution. Reference was had to an express contract, though possibly the writer of the opinion had in mind the thought, sometimes found in the books, that the obligation of a tenant holding over springs from a duty the law imposes, rather than a contract implied. We regard the case as decisive of the one at bar, and discover no sufficient reason for not following it. —REVERSED.