### In re HERSEY.

(District Court, N. D. Iowa, E. D. August 3, 1909.)

#### No. 601.

**1. BANKRUPTCY (§ 347*)—CLAIMS—PRIORITIES—RENT.**
    Whether an allowance to a bankrupt's landlord for rent during the period that the bankrupt's goods remained in the storeroom after the bankruptcy, and until sale, is allowed as rent due from the bankrupt and entitled to priority, or as an expense of administration is immaterial.
    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 347.*]

**2. LANDLORD AND TENANT (§ 242*)—LANDLORD'S LIEN.**
    Code, Iowa, § 2992, declares that a landlord shall have a lien for his rent on any personal property of the tenant which has been used or kept on leased premises during the term not exempt from execution, etc., for a year, after a year's rent or the rent of a shorter period falls due, etc.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

*Held*, that as between landlord and tenant the lien attaches in all cases of tenancy, whether for a definite term or at will.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 242.*]

3. BANKRUPTCY (§ 350*)—LANDLORD'S LIEN.

Where a bankrupt occupied a part of the leased premises as a storeroom and the balance for living quarters, the landlord had a preferred claim on the bankrupt's goods in the storeroom for the amount due for the entire premises under Code Iowa, § 2992, declaring that a landlord shall have a lien on any property of the tenant occupied or used on the leased premises at any time during the term for one year, after a year's rent or the rent of a shorter period falls due.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 537; Dec. Dig. § 350.*]

4. BANKRUPTCY (§ 347*)—RENT.

Where a bankrupt occupied a part of leased premises for a store and lived in the balance, and after his adjudication the trustee permitted the goods in the store to remain until they were sold, the rent for the rooms used as a residence after the bankruptcy could not be allowed as an expense of administration.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 347.*]

In Bankruptcy. On petition of the trustee for review of an order of the referee allowing a claim of Stevens & Pedersen for rent, and entitled to priority under section 64b (5) of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3448]). See, also, 171 Fed. 998, 1004.

Douglas Deremore, for trustee.

Wm. S. Hart, for creditors.

REED, District Judge. The trustee petitions for review of an order of the referee allowing the claim of Stevens & Pedersen to the amount of $323.33 for rent of the building, in which the bankrupt resided and conducted his business, up to the time the goods were disposed of by the trustee and entitled to priority of payment because secured by a landlord's lien under section 2992 of the Iowa Code. The bankruptcy was on February 24, 1908, and the goods were sold by the trustee about April 13th following.

The allowance of that part of the claim for the use of the storeroom subsequent to the bankruptcy as rent due from the bankrupt may be technically erroneous, for the room was not used by him after the bankruptcy, but was then used for the safe-keeping of the goods until they could be disposed of by the trustee, and such use should be paid for as part of the expense of administration; but the net result to the estate is the same, whether this amount is allowed as rent owing by the bankrupt, and entitled to priority, or is paid as part of the expense of administration. At least the bankrupt estate does not suffer by reason of its allowance as rent and entitled to priority under section 64b (5) of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3448]), instead of paying it as part of the expense of administration.

The trustee contends that inasmuch as the tenancy was one at will, and that no definite time was fixed for the payment of rent, no lien attached for the rent prior to the bankruptcy under the Iowa statute,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and he relies mainly upon German State Bank v. Herron, 111 Iowa, 25, 82 N. W. 430, in support of such contention. The Code of Iowa of 1897 provides as follows:

"Sec. 2991. Any person in the possession of real estate, with the assent of the owner is presumed to be a tenant at will until the contrary is shown, and thirty days' notice in writing must be given by either party before he can terminate such a tenancy, but when, in any case, a rent is reserved payable at intervals of less than thirty days, the length of notice need not be greater than such interval. * * *

"Sec. 2992. A landlord shall have a lien for his rent upon all crops grown upon the leased premises, and upon any other personal property of the tenant which has been used or kept thereon during the term and not exempt from execution, for the period of one year after a year's rent, or the rent of a shorter period, falls due; but such lien shall not in any case continue more than six months after the expiration of the term. In the event that a stock of goods or merchandise, or a part thereof, subject to a landlord's lien, shall be sold under judicial process, order of court, or by an assignee under a general assignment for benefit of creditors, the lien of the landlord shall not be enforceable against said stock or portion thereof, except for rent due for the term already expired, and for rent to be paid for the use of demised premises for a period not exceeding six months after date of sale, any agreement of the parties to the contrary notwithstanding."

Under the latter-named section the lien is given in all cases of tenancy to the owner of the premises, and the fact that the tenancy is one at will, instead of for a definite term, is not material as between the landlord and the tenant, however that might be as between the landlord and one holding an incumbrance upon the property made subsequent to the tenancy.

In German State Bank v. Herron, 111 Iowa, 25, 82 N. W. 430, above, the controversy was between the landlord and a holder of a chattel mortgage upon personal property of the tenant kept upon the leased premises made after the expiration of a tenancy for years, but under which the tenant continued to occupy the premises after the expiration of such term with the consent of the owner without any agreement as to the time of such continued occupancy. It was held: That the continued occupancy of the premises with the assent of the owner was a tenancy at will, which might have been terminated under the statute by either party upon giving 30 days' notice in writing to the other; that the landlord's lien upon the property of the tenant continued as against subsequent incumbrances only for the period requisite for the termination of the tenancy at will under the statute; and that a lien for the rent accruing subsequent to such time was inferior to a chattel mortgage made by the tenant before the accrual of such subsequent rent. No such question is involved in this case, and the trustee succeeds only to the rights of the bankrupt as against these creditors and takes the property subject to their lien for rent.

The bankrupt resided with his family in rooms on the second floor of the same building in which he conducted his business and kept his merchandise, and it is objected that rent for the use of such rooms cannot be charged as a lien upon the goods kept in the storeroom below; but the statute gives to the landlord a lien upon all personal property of the tenant, not exempt from execution, used or kept by him on the leased premises. It is immaterial that the tenant uses

a part of the leased premises as a residence for himself and family, and a part upon which to conduct his business. Upon the occupancy of the premises· by the tenant the lien for the rent attaches to any property not exempt from execution that he may keep upon any part of the premises during the term. The rent for the rooms used as a residence by the bankrupt subsequent to the bankruptcy could not, of course, be allowed as an expense of administration, and was not allowed by the referee as rent to the claimants, and they ask that the order be modified so as to include the rent of these rooms for such time; but they have not petitioned· for a review of the order in this· respect, and the matter cannot be considered.

The result of the order of the referee is not prejudicial to the estate, and it is therefore approved.