King et al. *v.* Anderson.

---

### KING *et al. v.* ANDERSON.

LANDLORD AND TENANT.—Rents, which have accrued previous to the death of the lessor, are collectable by the personal representative, but those that accrue afterwards by the heir.

PARTIES.—In an action for the recovery of rents, from a tenant, by the heirs of a deceased lessor, if it appears that a part of the heirs are children of the lessor, and others are his grand children, the complaint should make all the heirs parties, and should indicate the relative interest of each, and the personal representative might also be made a party if rents due to the heirs had been paid to him.

APPEAL from the *Boone* Common Pleas.

HANNA, J.—This was a suit by a portion of the heirs of *John King*, deceased, to recover rents from said *Anderson*, for the occupation by said *Anderson* of the real estate left by said *King* at his death, for two years—one after that event, one. before the same.

The answer was that said lands were occupied under a contract with the deceased, by which rent was to be paid on certain terms, in kind; that said rents had been paid to *King* for the first year, and to the administrator of his estate for the second.

The evidence supported the answer. The finding and judgment were for the plaintiffs.

The general question is, therefore, whether the personal representative was entitled to the said rents, as they became due upon the contract of the deceased.

It is said in *Taylor*, on Landlord and Tenant, sec. 390, that rents, which have accrued previous to the death of the lessor, are collectable by the personal representative; those that accrue afterwards by the heir. 25 Wend. 456; *Cole* v. *Patterson*, 1 Sandf. 287; *Duffa* v. *Mayo*, 2 Dana Ky. R. 54; 15 Ind. 152.

Although this expresses the general legal rule which must finally control in the settlement of this controversy, yet we can not affirm this judgment, on account of other points made.

The complaint embodies a list of names as heirs, &c., and as plaintiffs. Perhaps, if it had been continued in that shape, the judgment should remain, as it does not profess to settle any question as between said plaintiffs as to their respective rights. But the record shows that some of the persons thus named as heirs withdrew, on leave, on the ground that said suit had been instituted without their authority. As the record shows part of the plaintiffs to have been children, and part grand children, and does not show the relative value of the interest represented by those who remained, as plaintiffs, the complaint was, perhaps, for that reason, defective, and the ruling on the demurrer thereto should have been different. But, however that may be, the evidence is in the record, and does not disclose the relative amount due to those who, at the trial, were plaintiffs; and we can not, therefore, see in what measure the Court fixed the sum due to said plaintiffs.

The administrator might have been made a party, upon the disclosure of the fact that rents had been paid to him and used for the benefit of said heirs; that the whole matter could have been at once adjusted. For these reasons, and because

all the persons that are interested, &c., are not made parties, the judgment is reversed.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*A. J. Boone*, for the appellants.