Filed Nov. 15, 1884.

———————◆———————

No. 11,367.

DORSETT ET AL. *v.* GRAY.

| 98 273 |
| 143 298 |

LANDLORD AND TENANT.—*Lease.*—*Tenant for Life.*—*Emblements.*—The lessee of a tenant for life is entitled to the crops growing at the death of the lessor.

SAME.—*Parties.*—*Tenants in Common.*—*Use and Occupation.*—One tenant in common can not sue alone for use and occupation of the premises.

From the Putnam Circuit Court.

*D. E. Williamson* and *A. Daggy,* for appellants.

*D. R. Eckles* and *P. O. Colliver,* for appellee.

BICKNELL, C. C.—This was an action for the use and occupation of land, and for the alleged wrongful appropriation of growing crops.

A farm in Putnam county belonged to a widow for life, with remainder to her two daughters in fee. The widow lived on the farm in the same house with the defendant Jasper N. Gray, who was the husband of one of her daughters; the other daughter was the wife of the plaintiff Abijah Dorsett. The widow leased the land to Gray for and during her natural life; the lease began on March 1st, 1879; by its terms Gray was to take care of the widow for life and pay her $65 on the first of March annually after 1879.

The widow died on June 25th, 1882. At that time there were on the farm growing wheat planted in the fall of 1881, and growing corn, oats and potatoes, planted in the spring

of 1882.   Gray and wife remained on the land occupying the house, and after the widow's death Gray gathered the crops and converted them to his own use.

On the 15th of September, 1882, less than three months after the widow's death, the land was divided between the two daughters by a decree of the Putnam Circuit Court, and the house was on the part assigned to Gray's wife.   Gray and wife occupied all the land until the partition was made, and then Dorsett took possession of the part assigned to his wife. The rental value of the entire premises, from the death of the widow to the time Dorsett thus took possession of his wife's part, was $91.71, and excluding the part occupied by the growing crops, the rental value of the remainder, for the same time, was $20.   On the part taken by Dorsett there were two stacks of wheat straw belonging to Gray, of the value of $30, and a fence built between the two shares cut off three acres of Gray's corn, the stalks of which were pastured by Dorsett, of the value of $3; the fence also cut off some of the wheat stubble, which was pastured by Dorsett, of the value of $10.

On the 9th of October, 1882, less than a month after the partition, Dorsett and wife brought this suit against Gray alone.

The defendant answered specially in two paragraphs, one of which was a set-off for the stacks of wheat and pasture aforesaid.

The plaintiff replied in denial.   The issues were tried by the court, who, at the request of the parties, made a special finding of the facts as above set forth, and stated the following conclusions of law:

1. The defendant, Gray, had a legal right to take said wheat, oats, potatoes and corn, and is not bound to pay for the same otherwise than as provided for in the contract under which he planted the same.

2. That the defendant is not liable to the plaintiffs in this action, for use and occupation.

3. The plaintiff Agnes M. Dorsett is not liable to the de-

Dorsett *et al. v.* Gray.

fendant on any of the matters of set-off pleaded in this cause, and the court finds for the defendant.

' The plaintiffs excepted to the conclusions of law. Judgment was rendered for the defendant. The plaintiffs appealed, assigning error in the conclusions of law. There was no substantial error in these conclusions. The judgment was right. The duration of the lease depended upon an uncertain contingency; it ended on the death of the widow, but the term having been determined by the act of God, Gray was entitled to the growing crops. Taylor Landlord and Tenant, 80.

When the widow died, the land, relieved of her life-estate, belonged to her two daughters as tenants in common, and they held it as tenants in common from June 25th, 1882, to September, 15th, 1882. After said 15th of September, each daughter held her share in severalty. There was no use and occupation by Gray, afterwards, of the share belonging to Mrs. Dorsett.

Rents, accrued before the death of a lessor, are collectible by his personal representatives; those accruing afterwards are collectible by his heirs. *King* v. *Anderson*, 20 Ind. 385.

For the use and occupation from the time of the widow's death up to the time Dorsett, in right of his wife, took possession of her share, if there was any right of action, it was in favor of both the tenants in common. Such an action can not be maintained by one tenant in common alone, or together with her husband. *King* v. *Anderson, supra.*

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellants.

Filed Nov. 13, 1884.