Filed April 29, 1891.

---

No. 14.

## LOWREY ET AL. *v.* REEF.

LANDLORD AND TENANT.—*Lease Granted by Life-Tenant.—Death of Lessor.—Removal of Crops.—*A lessee under a lease for one year given by a life-tenant, where the latter dies before the end of such year, is no longer entitled to the possession of the leased premises, except for the purpose of cultivating and removing the growing crops he has sown before the death of his lessor.

SAME.—*Rents Accruing Before and After Expiration of Life-Estate.—*Rents which accrue previous to the death of a lessor who has only an interest

in the land for his life, are collectible by such lessor's personal representatives; but those that accrue afterwards, by the remainder-man.

SAME.—*Acts Showing a New Demise.*—A life-tenant rented for one year the land held by her as such tenant, one-third of the rent payable in cash at the beginning of the term, one-third in six months, and the remainder at the end of the year. Notes were taken for the deferred payments. The lessee had the right to a second year, if the lessor should live that long. At the end of the first year the lessee paid the first instalment of rent due on the second year, and at the same time gave his notes for the two deferred payments, one due in six months and the other at the end of the year. Within three months after the second year began the lessor died. Before her death the lessee had sowed part of the land in wheat, and he remained in possession, without any objection, until two months had elapsed after the lessor's death. The remainder-men knew of the lease, its terms, the sowing of the wheat, and the possession of the lessee. Two months after the lessor's death one of the remainder-men requested the lessee to pay him in advance the five-sixths of the second instalment of the rent for the second year, which amount was his share. This remainder-man had possession of the note given for the deferred instalments of the second year. The lessee complied with the request. No demand was made for possession until more than half the year had expired, when notice was served by this remainder-man that possession would be required at the end of the second year.

*Held,* that the acts of the remainder-men amounted to a new demise.

From the Carroll Circuit Court.

*L. D. Boyd,* for appellants.

*J. C. Odell* and *M. A. Ryan,* for appellee.

ROBINSON, J.—Sarah Shafer was the owner for life of one hundred and sixty acres of land in Carroll county, Indiana, on the 23d day of July, 1886. She executed a written lease to the appellee, John Reef, for said premises, conditioned as follows, viz. : She leased said premises, with the appurtenances, commencing on the 1st day of September, 1886, and ending on the 1st day of September, 1887, and another year should she survive. The lessee agreed to occupy the premises in a careful and tenant-like manner, and pay as rent therefor the sum of three hundred dollars per year; one hundred dollars due September 1st, 1886, one hundred dollars

due March 1st, 1887, and one hundred dollars due September 1st, 1887, for which the lessee was to give three promissory notes, secured by good personal security. The lessee was to have his own fire wood, but was to take it from the dead and down timber, if such was on the land, and should not run through the woods and cut green timber promiscuously for rail use. Should not remove any wood, timber or rock off and from the land, and should have the right to return and take away his growing corn raised by him in the year 1887. The lessee was to surrender the premises at the end of the term without notice in as good condition as they were, natural wear and tear and unavoidable accidents excepted and was not to sublet the premises without the written consent of the lessor. That a violation of the conditions of the lease, or a failure to pay rent for ten days, would work a forfeiture of the same.

The appellee went into the possession of the premises under said lease on the 1st day of September, 1886, and paid the lessor the rental for that year; that, about the 1st day of September, 1887, he paid the lessor $100 on the second year's tenancy, and on the same day executed to her two promissory notes for $100 each, for the balance of the rental for the second year, due March 1st and September 1st, 1888. The lessor died on the 20th day of November, 1887, but before her death appellee sowed forty acres of the premises in wheat, and remained in possession of the premises with the knowledge of the appellants, and without objection on their part, until the latter part of January, 1888, when appellants requested appellee to pay them their share of the note due March 1st, 1888, executed to the lessor in her lifetime; that the unpaid notes were in the appellants' possession, and about the 1st day of February, 1888, appellee paid the appellant Irene Lowrey her share of the note due March 1st, 1888, to wit, $84.10. The note was left in her possession until the remaining one-sixth should be paid to Rebecca Jarvis, the owner in fee of the one-sixth of said premises. No demand

for the possession of said premises was made by appellants of the appellee until the 22d day of May, 1888, at which time the appellants caused written notice to be served on the appellee to give possession at the end of the current year of the tenancy.

The complaint is an action for trespass against the appellants, who are husband and wife, and is in two paragraphs. The first paragraph alleges that the appellee was in possession, and entitled to the possession of the real estate described; that the appellants, on the — day of ——, 1888, and on divers other days between that day and the beginning of this action, and each of them, wrongfully and unlawfully, and without leave of the plaintiff, entered in and upon said real estate then and there lawfully in possession of the appellee, destroyed the pasture land on said real estate by chopping down trees and piling brush on said land, and by hauling logs and wood upon and out of said pasture land when the ground was soft, by pasturing said lands with cattle and hogs in great numbers for a period of three or four months; that said pasture land was a portion of said real estate, and the possession of which had been in said appellee for eighteen months last past, and that appellee was entitled thereto; that appellants, and each one of them, had for a period of three months last past taken possession of said pasture land and converted the same to their own use, and prevented appellee from enjoying the use and the benefit of said pasture land for a period of three months, etc.

The second paragraph avers substantially what is averred in the first paragraph, except it alleges that appellants entered upon said premises, took possession of a sugar camp thereon, tapped the trees to the number of about two hundred, made molasses out of the sugar water collected from said camp on said premises, and converted the same to their own use, etc.

The court permitted the appellee to amend his complaint

on the trial of the cause so as to include damages up to the day of trial.

The appellants answered by general denial, and by a second paragraph, which seeks to justify their acts on the ground that they were the owners and entitled to the possession of the premises at the times the various acts of trespass were alleged in the complaint to have been committed.

On the trial of the cause a verdict was returned in favor of the appellee for $60. There was a motion for a new trial, which was overruled and judgment rendered on the verdict.

Error of the court in overruling the motion for a new trial is the only error assigned.

It was admitted on the trial that the appellant Irene Lowrey owned in fee simple five-sixths of the one hundred and sixty acres of the land; that she owned the fee simple of all the lands where it is alleged said trespasses were committed, and so owned the fee simple in said land at the time when it is alleged said trespasses were committed; that Sarah Shafer, on the 23d day of July, 1886, was the owner of the life-estate in said lands, and that she continued to hold a life interest therein until the 21st day of November, 1887, when she died.

The appellants' motion for a new trial contained forty-one causes, the first two presented are, the verdict of the jury is not sustained by sufficient evidence, and is contrary to the evidence.

The verdict of the jury is contrary to law. It is unnecessary here to reiterate the rule of law of the Supreme Court so familiar, that a case will not be reversed where there is evidence tending to sustain the judgment. There was much conflict in the evidence, but the evidence was sufficient to result in a verdict for the appellee. We can not interfere with the finding. As to the second assignment that the verdict is contrary to law, a more important question is presented, and, perhaps, one of more vital importance than any

other in the case. There is no doubt that as Mrs. Shafer owned only a life-estate in the lands, her decease, on the 21st day of November, 1887, put an end to appellee's right to possession of the lands, and that he had no rights under the lease except to the growing crops on the lands at the time of the death of the lessor. The wheat appellee had sowed in the fall of 1887, and was growing at the time Mrs. Shafer died, belonged to the appellee. *Dorsett* v. *Gray*, 98 Ind. 273. The rents which accrued previous to the death of the lessor are collectible by the personal representative, but those that accrued afterwards by the heir. *King* v. *Anderson*, 20 Ind. 385. To entitle the appellee to any other interest in the lands for a period after the death of the lessor, he must have shown that a contract existed between himself and the appellants, by virtue of which there arose the relation of landlord and tenant, and that this relation existed at the time when the alleged trespasses occurred. There is no contention that appellee was not the tenant of Mrs. Shafer up to the 27th day of November, 1887, and that he did, about the time of the expiration of the first year of his tenancy, and after he had paid the rental for that year, pay Mrs. Shafer $100, and executed to her his two notes for $100 each, due March 1st, 1888, and September 1st, 1888, for the rental of the land for the second year of his tenancy, and that after this time he sowed forty acres in wheat on the land. It is very clear that the notes went into the possession of Irene Lowrey, a remainder-man, who owned all the land and parts of the land upon which it is alleged the trespasses were committed, and the appellee, after the death of Mrs. Shafer, and before March 1st, 1888, paid the appellant Irene Lowrey, who still held in her possession his note, at her request and that of her agent, $84.10, the *pro rata* share of the rent due her for the second year of appellee's tenancy, and that she gave him credit on the note for the amount so paid ; that appellee remained in possession of the lands with the full knowledge

and without objection of the remainder-man; that there was some talk after the payment of the note due March 1st, 1888, of the lands held by appellee being exchanged for other lands, which was not consummated, and that the appellee so remained in the possession of the lands with full knowledge and without any objection of the remainder-man, and without notice to quit, until the 29th day of May, 1888, when the appellant Irene Lowrey served notice upon the appellee to quit and deliver up at the end of the current year the possession of the premises. We think under these facts a new demise was created, and that the appellee had thereby the right to remain in and hold possession of the lands until the 1st day of September, 1888, the end of the second year's tenancy, and that the appellants were trespassers as charged in the complaint. *Thiebaud* v. *First Nat'l Bank,* 42 Ind. 212; *McCrillis* v. *State,* 69 Ind. 159; *Tolle* v. *Orth,* 75 Ind. 298; *Rothschild* v. *Williamson,* 83 Ind. 387; *Coomler* v. *Hefner,* 86 Ind. 108; *Hoffman* v. *McCollum,* 93 Ind. 326; *Bollenbacker* v. *Fritts,* 98 Ind. 50; *Dorsett* v. *Gray, supra.*

The third assignment of error is, " the damages found by the jury are excessive."

There was much evidence as to the tearing down of fences, cutting down timber, as to cattle, horses and hogs running on the enclosed lands, as to tapping sugar trees, using the water therefrom in making molasses, the evidence of the value of the pasture land, sugar camp, etc.

The appellee states in his evidence that his fence was torn down and appellants refused to allow him to rebuild it; that he thereby lost the use of his pasture for his horses, hogs and cattle to his damage of $75.

There is nothing in the evidence on the question of damages that would justify an interference with the judgment.

The appellants, in the motion for a new trial, assign thirty-four alleged errors committed by the court, in the admission of certain evidence, the refusal to admit certain evidence, and in refusing to strike out certain evidence. It would be im-

possible to present the questions attempted to be raised under these several alleged errors without copying the evidence, which is voluminous, almost entirely into this opinion. We have carefully examined each question raised by the motion as to the admission, or refusal to admit, evidence, or refusal to strike out evidence. Much of the evidence so admitted was in some sense material and pertinent to the issue. Some of it may have have been immaterial, but we are unable to find in the record wherein the court admitted, refused to admit, or refused to strike out improper evidence that could have in the remotest degree harmed the appellants on the trial of the cause.

The appellants insist that the court erred in allowing appellee to introduce evidence of acts of trespass occurring after the filing of the original complaint and before trial. The court did sustain appellants' objection to such evidence, but an offer by appellee to make such proof caused the appellants to withdraw the objection, and the court allowed the appellee to amend his complaint to conform to the evidence, and the evidence went to the jury without objection, and if such was error the appellants have not properly saved the question for this court, as no bill of exceptions was filed setting forth the ground of complaint, which is the proper and only way in which that question can be determined by this court.

The appellants contend that the court erred in instructions given to the jury of its own motion, in giving instructions asked for by the appellee, and in refusing and modifying instructions asked for by the appellants.

We have carefully examined the instructions given by the court of its own motion and those given by the court at the request of the appellee. The instructions as given contain as a whole a correct statement of the law, and embrace the issues in the case. Those refused presented the theory of the case as claimed by the appellants, but, under the issues and

evidence, were not applicable, and did not correctly state the law.

The court committed no error in the instructions given and in refusing to give those asked for by the appellants.

There is no error in the case for which it should be reversed, but it is affirmed, at appellants'. costs.

Filed May 1, 1891.