FREDERICK M. HUBBELL et al., Trustees, Appellees, v. FREDERICK M. HUBBELL et al., C. L. PERCIVAL COMPANY, Appellant.

**TRUSTS:** Management—Leases beyond Life of Trust—Interpretation of Former Decision. A lease by trustees of a trust, for a period beyond the life of the trust, no reasonable necessity to effectuate the trust appearing, is void, *not in toto*, but for the excess beyond the life of the trust only. *In re Hubbell Trust*, 135 Iowa 637, interpreted and explained.

*Appeal from Polk District Court.*—HON. W. H. McHENRY, Judge.

MONDAY, NOVEMBER 22, 1915.

THE facts appear in the opinion. The C. L. Percival Company appeals.—*Reversed.*

*Clark, Byers & Hutchinson*, for appellant.

*James A. Howe*, for appellees.

LADD, J.—On December 20, 1895, the trustees of the Frederick M. Hubbell estate entered into a written contract with C. L. Percival Company, leasing to the latter a certain

<div style="margin-left:2em; float:left; font-variant:small-caps">TRUSTS : management: leases beyond life of trust: interpretation of former decision.</div>

tract of land for the term of 99 years. Among other things, it was stipulated that, before the contract should become binding, approval thereof should be procured by the trustees, declaring that they had authority to enter into such an agreement, and the opinion of the Supreme Court thereon obtained. An action to obtain such approval was begun the following day, issue joined, and, a decree of approval having been entered in the district court, an appeal

therefrom was taken to the Supreme Court. Our opinion was filed October 23, 1907, disapproving the contract because of extending beyond the probable duration of the trust. *In re Hubbell Trust,* 135 Iowa 637. Nothing further was done until January 5, 1914, when, at the instance of the trustees, procedendo was issued. The lessee filed an amended petition of intervention on April 22d of the same year, alleging its interest, the construction of a valuable building on the leased ground, that the trustees are not entitled to have a decree entered declaring the lease null and void, and praying that the decree, if entered, declare the lease valid during the existence of the trust. A general denial was interposed by the guardian ad litem of the minors interested, and, on May 2, 1914, the trustees moved that decree be entered in harmony with the opinion. Four days later, the trustees answered the petition of intervention by averring, among other things, that a collateral contract was entered into on the same day the lease was executed, but that this was canceled by a subsequent agreement dated July 25, 1906, and that, by its terms, C. L. Percival Company lost its right to the lease dated December 20, 1905, and was thereafter entitled only to the lease mentioned in such agreement upon its request, which had not been made. They prayed for the dismissal of the petition of intervention. The agreement, after recitals, which need not be enumerated, reads:

"In consideration of the foregoing, therefore, and for the purpose of inducing the said C. L. Percival Company to complete the erection of the building and improvements already commenced by it on said premises under said former collateral agreement, the said trustees of the Frederick M. Hubbell Estate hereby covenant and agree with the said C. L. Percival Company that, if the said Supreme Court of Iowa, in the case now pending before it, shall hold that the said lease is invalid and of no effect, or that the said C. L. Percival Company is not entitled to the possession of said premises

under said lease, then and in that event, the said trustees will, upon the written request of said C. L. Percival Company, execute and deliver to said company a lease to said premises for the term and upon the terms and conditions set out in the lease, a draft of which is hereunto attached, marked Exhibit 'A', and the said C. L. Percival Company on its part agrees in that event to join in the execution of said proposed lease. All the provisions of this agreement, whether it be so expressly stated or not, shall inure to the benefit of and shall bind the heirs, executors, administrators, successors and assigns of the respective parties. If, however, said Supreme Court shall hold the said lease heretofore executed by the parties hereto to be valid and that said C. L. Percival Company is entitled to the possession of said premises under the same, then this agreement shall be void and shall be surrendered to said trustees and canceled.''

To this was attached the form of lease to be executed on the contingency specified. The parties stipulated that agreements had been entered into as alleged; that C. L. Percival Company had erected a valuable building on the premises and paid rent according to the terms of the original lease, had never requested the execution of a new lease and that the trustees had not mentioned the matter of executing the new lease until about six months before the hearing. A decree was entered, declaring the original lease ''Not valid and of no force and effect''.

Such are the facts, and whether the decree was erroneous necessarily depends on the construction to be given the opinion referred to. No new issue was raised. The contract of July 25, 1906, relates solely to the consequences to follow the decision. The main question to be passed upon is specifically stated in the first sentence of the opinion: ''Whether the trust deed confers on the trustees power to execute a ground lease for building purposes extending into the future a period of 99 years.''

The period of the trust was during the lives of persons then in being and 21 years thereafter, as permitted by the statute of perpetuities; and, after deciding that the trustees might lease for this period, the inquiry was limited to ascertaining whether the trustees might contract with reference to the trust property thereafter. The authorities were reviewed, as was said, in order to meet the contention of counsel, "on the one hand, that leases for any length of time, if not unreasonable, regardless of the period of the trust, have been approved in well-considered opinions, and, on the other, that the trustees are without power to execute a lease of longer duration than the trust period." After further discussion, we said:

"Only general rules can be laid down for the guidance of trustees, and those deducible from the discussions contained in better considered opinions, and based, as we think, on the soundest reason, may be summarized thus: (1) The trustees may lease for such reasonable terms as are customary and essential to the proper care of and to procure a reasonable income from the property. (2) Such terms should not, save on showing of reasonable necessity to effectuate the purposes of the trust, extend beyond the period the trust is likely to continue. (3) Should they extend unreasonably beyond such period, the excess only will be void. (4) Only upon a showing of such reasonable necessity when not given such power by the instrument creating the trust will the trustees be authorized to bind the estate so as to effectually deprive those ultimately entitled thereto of the property itself."

The law as thus stated is then applied to the facts of the case and the ultimate conclusion announced that, "as the lease would in all reasonable probability continue in force many years after the trust is likely to terminate, it should have been disapproved". In other words, because of the absence of any sufficient showing therefor, the lease for a term extend-

ing many years beyond the probable termination of the trust was not sanctioned by the court. But the power of the trustees to lease for "reasonable terms" and for the period of the trust is expressly held to exist, and further, that, should the lease extend unreasonably beyond such period, the excess only will be void. The principle last stated is amply sustained by the authorities reviewed and by others. See *Weir v. Barker,* 93 N. Y. Supp. 732; *In re Armory Board,* 60 N. Y. Supp. 882; *In re Opening 110th Street,* 81 N. Y. Supp. 32, approved in 73 N. E. 1127. The disapproval of the lease was because of the excess beyond the term for which the trustees might properly grant the use, as appears from the above excerpts from the opinion; moreover, the terms of the original lease clearly indicate that the parties, in executing it, contemplated the possibility of a decision such as was made; for therein it was stipulated that, "in the event that the suit, or suits, aforesaid should not be appealed to the Supreme Court of the state of Iowa, or if said Supreme Court shall fail to hold and determine that said trustees have power and authority to make and enter into such an agreement as this, and to bind the leased premises aforesaid and their *cestuis que trustent,* for the full term of said lease, then and in either of such events, said party of the second part shall have the right to cancel and terminate this lease, at any time during its life, upon ninety (90) days' written notice to the parties of the first part of its intention so to do." That is, it was left optional with the lessee to cancel the lease or accept it for the term the lessors might lawfully lease same. The option does not appear to have been exercised.

Again, under the agreement of July 25, 1906, is found the condition that, if this court "shall hold that said lease is invalid and of no effect, or that the said C. L. Percival Company is not entitled to the possession of said premises under said lease" upon the written request of the lessee, the attached draft of a new lease shall be executed; otherwise the "agreement shall be void and shall be surrendered to said trustees

and canceled''. As there was no such holding, the lessee was not in a situation to elect to have the new lease executed. It will be observed that each instrument leaves it optional with the lessee to continue under the original lease; and, as there has been no election, the parties, in treating that lease in force, have rightly construed the decision as merely disapproving the lease, not for that it was invalid in its entirety, but because of the term's being in excess of the period the trustees might lease. Short of this, the lease was such as they might properly make. It follows that the court should have entered a decree merely denying approval of the lease and that there was error in decreeing that the original lease was ''not valid and of no force and effect''.—*Reversed*.

DEEMER, C. J., GAYNOR and SALINGER, JJ., concur.