J. F. SANDERS, Appellant, v. SUTLIVE BROTHERS & Co. et al., Appellees.

LANDLORD AND TENANT: Leases—Lease from Life Tenant. A
1   lease made by a life tenant terminates upon his death, and the remaindermen are entitled to immediate possession; and no relation of landlord and tenant could be created between the remaindermen and the lessee of the deceased life tenant, except by subsequent contract between them, although a tenancy might result from the implied adoption of the lease rendered void by the life tenant's death.

APPEAL AND ERROR: Subsequent Appeals—Law of Case. A
2   ruling on appeal that evidence conclusively established the adoption of a lease by a remainderman and the life tenant's lessee is the law of the case, and must stand on the second trial, unless there is additional evidence warranting a different finding.

LANDLORD AND TENANT: Leases—Ratification by Remainder-
3   men. On the termination of a lease by the death of a life tenant, mere additional occupation by her lessee does not amount to a ratification or adoption of the lease by the remaindermen.

LANDLORD AND TENANT: Leases—Lease from Life Tenant. A
4   lessee remaining in possession after the death of a life tenant became liable, on an implied promise, for *quantum meruit*, and not for the rent stipulated in the terminated lease, and the acceptance of the rents according to the terms of the void lease, without any other arrangement, was in the nature of a recogni-

tion of its force, and, if continued long enough, might, in connection with other circumstances, warrant the inference that the parties adopted the lease as expressing the understanding between them.

**REMAINDERS:  Lease by Life Tenant—Adoption of Lease by Remaindermen.**  Evidence reviewed, in an action for the possession of real estate, and held sufficient to make a jury question as to whether remaindermen had ratified or adopted a lease terminated by the death of a life tenant.

**APPEAL AND ERROR:  Questions of Fact, Verdicts, and Findings —Findings of Trial Court.**  Where a jury is waived, the finding of a court on the issues of fact is as conclusive as the verdict of the jury.

*Appeal from Lee District Court.*—W. S. HAMILTON, Judge.

OCTOBER 14, 1919.

ACTION of right for the possession of real property and damages resulted in a finding of court for the defendants and judgment thereon.  The plaintiff appeals.—*Affirmed.*

*John M. Dawson* and *W. C. Howell,* for appellant.

*F. T. Hughes,* for appellees.

LADD, C. J.—Lorenz Rigler died intestate, October 13, 1903, seized of the W ½ of Lot 3 of Block 29 in the city of Keokuk.  He was survived by his wife, Margaret Rigler, and their two daughters, Naoma Webber and Sarah Speisz. On October 28, 1903, these daughters executed a deed to their mother, Margaret Rigler, of the above-described real estate for her natural life, providing therein that she should receive all income and profits therefrom during said period, and upon her death said real estate should revert to the grantors.  Thereafter, Margaret Rigler entered into a contract, leasing the premises to the defendants for a period of five years from March 15, 1905; and on September 18, 1908, executed another lease of the premises to the defendants for a period of 10 years, to commence at the expira-

tion of the previous lease, to wit, May 15, 1910. The les-
sor, Margaret Rigler, died intestate, March 6, 1910, a few
days more than two months prior to the expiration of the
first lease. One Neusch was appointed administrator of
her estate. Whether the widow retained a

1. LANDLORD AND TENANT: leases: lease from life tenant.

distributive one-third interest in the prem-
ises, and the daughters acquired the same
by inheritance, or in some way her one-third
interest was converted into a life estate,
with the remainder in the daughters, is not touched in the
argument. The cause is submitted on the theory that Mrs.
Rigler was a tenant for life, and therefore the leases ter-
minated upon her death, and the daughters, as remainder-
men, were entitled to immediate possession. *In re Hubbell
Trust,* 135 Iowa 637. Conceding this to be so, the issue is
whether, subsequently, the daughters and defendants adopt-
ed the 10-year lease as their own. That portion of the
lease after the lessor's death only was void (*Hubbell v.
Hubbell,* 172 Iowa 538), and the daughters, as remainder-
men, and the lessees did not occupy the relation of land-
lord and tenant. If that relation ever existed, it must
have sprung from a subsequent contract, either expressed
or implied, between them. This was the court's view in
*Lowrey v. Reef,* 1 Ind. App. 244 (27 N. E. 626), where it
was said that:

"To entitle the appellee to any other interest in the
lands for a period after the death of the lessor, he must
have shown that a contract existed between himself and
the appellants, by virtue of which there arose the relation
of landlord and tenant, and that this relation existed at
the time when the alleged trespasses occurred."

Such a contract need not be one entered anew, but
may as well be an agreement between other parties, and
subsequently adopted by the remaindermen and defendants
as their own. Was this done by the remaindermen and

the lessees of the life tenant? On the former appeal, the evidence was held to conclusively establish such adoption. 163 Iowa 172; 175 Iowa 582. However much that ruling may be questioned, it is the law of the case, and must stand unless it can be said that other evidence, subsequently adduced, warranted a different finding. Something more than mere continued occupation was essential to the ratification or adoption of the 10-year lease. *McIntosh v. Lee,* 57 Iowa 356. So, too, had the defendants merely been holding over, with the consent of the landlord, payment of rent as provided in the lease could not well be construed as evidence of ratification, for the lessee in that situation would be under obligation so to pay the rent stipulated in the lease. *German State Bank v. Herron,* 111 Iowa 25. But the remainder-men were not landlords, and there was no lease between them and defendants, and the ruling in the cited case is not applicable. By continuing in possession, the lessees became liable on an implied promise, for a *quantum meruit,* not for the rent stipulated in the lease, terminated and void as to the present owners. Accepting the rent according to the terms of the void lease, then, without other arrangement, was in the nature of a recognition of its binding force, and, if continued long enough, might, in connection with other circumstances, warrant the inference that the parties had adopted the lease as expressing the understanding between them. Such was the holding on the former appeal. The evidence on which that decision was based appears in the opinion. On the last trial, the testimony of Neusch contained in two depositions was introduced. In the first of these, he swore that he told H. L. Sutlive that the 10-year lease would not stand, and

2. APPEAL AND ERROR: subsequent appeals: law of case.

3. LANDLORD AND TENANT: leases: ratification by remaindermen.

4. LANDLORD AND TENANT: leases: lease from life tenant.

5. REMAINDERS: lease by life tenant: adoption of lease by remaindermen.

was void; that he collected the rent as administrator, and because he supposed it his duty, as such, to do so; that he had nothing to do with the daughters about the rent; that he never acted as agent for them, and had no authority from them to collect the rent; that he accounted for the rent as administrator, and in no other manner; that he was advised by his attorney not to accept rent on the 10-year lease, or act as agent for the daughters; that he was agent for them in the sale of the property to plaintiff; that he told the latter that there was no lease on the property, and that he ought not to recognize the 10-year lease. The Sutlives testified that, at the beginning of the 10-year lease, they called on Neusch and asked him if he intended to carry out the 10-year lease, to which he replied that he had no thought of not doing so, and would make them no trouble; that the heirs looked on the lease as their mother did; that they then explained to him that the check for a month's rent handed to him was for the first month on the 10-year lease. This conversation was denied by Neusch, though admitting the call. This evidence was not before the court on the former trial, and it is plain that, with such additional evidence before the court, a different conclusion might be reached. If Neusch received rent only as administrator, and not as agent of the daughters, and such rents were paid and received for the use of the premises, and not as rent on the 10-year lease, and this was so understood between him and defendants, then there was no ratification or adoption of the 10-year lease, and no lease on the property to assume, and the reference to contracts in the deed might have been found to relate to that concerning the furnace. But the court was not bound so to find, as appears from the testimony of the Sutlives, and evidence alluded to in the former opinion.

From a careful comparison of the records at the two trials, we reach the conclusion that the evidence first ad-

duced at the last trial, considered in connection with that
on the former trial, read in pursuance of a
stipulation, raised an issue of fact which
should have been submitted to a jury, had
it not been waived. The finding of the
court on an issue of fact is as conclusive as
the verdict of a jury, and for this reason its
finding and judgment cannot be disturbed.—*Affirmed*.

6. APPEAL AND ERROR : review : questions of fact, verdicts, and findings : findings of trial court.

WEAVER, GAYNOR, and STEVENS, JJ., concur.