T. W. SCURRY, Administrator, Appellee, v. R. L. ANDERSON, Appellant.

**LIFE ESTATES:** Death of Life Tenant Terminates Right Under Lease. A tenant who is not yet in possession, under a lease from a *life* tenant, may not, upon the death of the life tenant, maintain an action for the loss of his bargain.

*Appeal from Hardin District Court.*—E. M. McCALL, Judge.

JUNE 25, 1921.

ACTION upon five promissory notes for $200 each. The answer admitted the execution of the notes, but set up a counter-

claim for damages, to which plaintiff interposed a demurrer, which was sustained. Defendant refusing to plead further, judgment was entered against him for costs, and he appeals.— *Affirmed.*

*W. R. Williams,* for appellant.

*Aymer D. Davis,* for appellee.

STEVENS, J.—Mary Keegan, deceased, was the owner of a life estate in the E½ of the NW¼ and the NW¼ of the SE¼, all in Section 29, Township 86, Range 19, Hardin County, Iowa. On or about January 9, 1915, she leased the same to the defendant for five years, commencing March 1, 1918. There was a prior lease of the premises to the defendant, and the notes in suit were executed for the annual rental under said prior lease. Mary Keegan died on or about May 17, 1917, which was before the commencement of the term of the lease entered into on January 9, 1915. The annual rental reserved in the latter lease was $460, evidenced by 10 notes of $230 each, payable on the first of September and February of each year, with interest from maturity. The defendant, for counterclaim, alleges that the fair and reasonable rental value of the premises for the term was $5.00 per acre; that he did not know, at the time the lease was entered into, that Mary Keegan owned only a life estate in the premises; and that he has been damaged in the sum of $2,400, which he asks to have set off against the notes in suit. The demurrer of plaintiff to defendant's counterclaim was sustained, upon the grounds that the said lease and all of the rights of the defendant thereunder immediately terminated upon the death of the life tenant, his lessor. As indicated, plaintiff was not in possession of the premises under the lease at the time of the termination of the life estate. The law is settled that a lease entered into with a life tenant expires immediately upon the death of such life tenant, and that all rights acquired thereunder by the lessee are destroyed, except the right to remove emblements. *Carman v. Mosier,* 105 Iowa 367; *Sanders v. Sutlive Bros. & Co.,* 187 Iowa 300.

Counsel for appellant has called to our attention no authority sustaining his contention, and we know of none. What is

said in *Sanders v. Sutlive Bros. & Co.*, 163 Iowa 172, and in *Sanders v. Sutlive Bros. & Co.*, 187 Iowa 300, is decisive of this appeal. The ruling of the court upon the demurrer is manifestly correct, and the judgment of the court below is—*Affirmed.*

EVANS, C. J., ARTHUR and FAVILLE, JJ., concur.