## LIFE *v.* STRICLER ET AL.

[No. 12,904. Filed May 27, 1927. Rehearing denied October 25, 1927. Transfer denied March 29, 1928.]

*William H. Eichhorn* and *John A. Kersey,* for appellant.

*Allen G. Messick* and *John R. Browne,* for appellees.

NICHOLS, J.—Action for the recovery of land rent,

alleged to have accrued to appellant as heir after the death of the owner of the land; the rent, appellant contends, being wrongfully taken and appropriated as a part of the testator's estate, he being appellant's father.

There was an amended complaint filed by appellant charging appellee, individually and as executor of the last will of Lilburn H. Comer, deceased, with the conversion of appellant's alleged portion, as an heir of Lilburn H. Comer, deceased, of the rents collected on the real estate owned by said decedent at the time of his death, which rents were collected by appellee executor since the decedent's death. Appellant avers in her amended complaint that, by "Item 4 and 5" of the testator's will, he devised all of his real estate to the said executor, empowering and directing him to sell the same, and authorizing him to do so without the intervention of a court and without the signature of any of his heirs. To the amended complaint, appellee, individually and as executor, filed joint and several answer in three paragraphs.

The first paragraph of joint and several answer sets out a full copy of the will of Lilburn H. Comer, deceased. By Item 4 of said will, the testator devised all of his real estate to the executor, with full power to sell the same without the intervention of a court and without the signature of any of his heirs, and to make good and sufficient conveyance thereof. Appellee contends that this operated as an equitable conversion of the testator's real estate into personal property as of the date of death of the testator. It is also averred in the first paragraph that, by Item 7 of said will, appellee was designated as the executor thereof, that he duly qualified as such, and has since been the duly acting executor thereof, that he has collected all of the rents and profits of the real estate of said testator since the date of his death and has otherwise managed and controlled said real estate, paid the

debts of said decedent from said rents and from the proceeds of the sale of said real estate, and has distributed said moneys to the legatees under said will, as provided by the terms thereof, including appellant in this action, who was named as one of the legatees; that appellant has received and accepted partial payment of the legacies provided for her by said will; that said executor filed in the Grant Circuit Court from time to time current reports relating to the administration of his trust, which reports exhibited and charged him with all the rents collected by him from said testator's real estate; that appellant filed written objections and exceptions to said reports on various grounds, charging, among other things, that the executor had collected other rents for which he had not accounted, etc., that a hearing was duly had on appellant's objections, and the court, being duly advised, approved said reports and overruled and denied appellant's objections and exceptions thereto and by its orders and judgments, confirmed and ratified the action of said executor in collecting said rents and profits; that appellant had knowledge during all of said time and since that said executor had been collecting said rents and profits and applying the same to the improvement of said real estate, to the payment of said decedent's debts, and in making partial distributions to the legatees under said will, of whom the appellant was one; that since the filing of said current reports, the executor has been collecting the rents and profits of the real estate which was then undisposed of, and has been applying the same to the payment of the testator's debts, improving said real estate undisposed of, and in making partial distributions to the legatees; that appellant never made any objection whatever at any time, or by way of exceptions or objections, to said reports wherein she set up or claimed that said rents or any part thereof belonged to her or that the executor did not have full right

to collect and apply the same as he had theretofore done; that the rents sued for in this action are the identical rents exhibited in said current reports of said executor and collected by said executor in his representative capacity before and since the filing of said current reports; that appellant had full knowledge at all times of the terms and provisions of said will and of the fact that the appellee executor was collecting said rents, and that he was acting in good faith in all of said matters and things in said answer alleged, and that she never made any objections whatever to his right or authority to administer said trust in the manner and form exhibited by his reports and as alleged in said answer, but allowed him to proceed in good faith in the doing of all of the things aforesaid. Appellee states the theory of said first paragraph of answer to be that said will devised said real estate to the executor; that said will operated to effect an equitable conversion of said real estate into personal property, that appellant is estopped and barred by the aforesaid proceedings in the Grant Circuit Court whereby she excepted and objected in writing to the current reports of the executor and never appealed from the rulings and judgments of the court in approving said reports, and in overruling her objections and exceptions, and by her conduct in never claiming any of said rents as her property, and by allowing and permitting the executor to collect the same and apply the same as aforesaid to the payment of debts of said testator and to distribution to the several legatees, of whom she was one.

The second paragraph alleges that said decedent died testate in March, 1917, the probate of his will, the qualification of the executor, and that, by the terms and provisions of said will, said testator bequeathed and devised his entire estate to the executor; also, that the executor entered upon and has since continued in the

management of said estate under the powers conferred upon him by said will.

The third paragraph of answer alleges partial payment to appellant of legacies due her under the terms of the will. Appellees make no further claim for this answer than that it is a plea of partial payment.

Appellant demurred to each paragraph of answer, which demurrer was overruled, and, electing to stand on her demurrer, judgment was rendered against her, from which this appeal. Appellant assigns as error that the court erred in requiring her to make the executor a party defendant and in overruling her demurrer to each paragraph of answer. Appellee contends forcefully that appellant's brief presents no question for the decision of this court, but a good faith effort appears, we are able to understand what questions are presented, and appellee seems also so to understand, and we shall therefore decide the case on its merits.

It seems so manifest that the court did not err in requiring appellant to make appellee as executor a party defendant to her complaint that we give this question but little consideration. In *King* v. *Anderson* (1863), 20 Ind. 385, the judgment was reversed because an administrator who had collected rents after the death of decedent was not made a party to a suit by the heirs to recover such rents.

Item 4 of the will here involved is as follows: "All of my estate, whether real or personal property, I will, devise and bequeath to my executor hereinafter named, with full power to sell and transfer the same without the intervention of a court, and without the signature of any of my heirs herein named, but this instrument is intended to grant to my executor full power to transfer and convey all real estate I may own at the time of my death by good and sufficient deed, free and unencumbered from any interests of my said children or widow."

It thus appears that the real estate, the rents and profits of which are here involved, was devised to the executor, with power to sell and dispose of the same, and there was not a devise simply directing that the real estate be sold and the proceeds distributed.

As was said in *Bowan* v. *Swander* (1889), 121 Ind. 164, 22 N. E. 725: "In construing wills the courts have made a distinction between a devise to the executor of real estate, with directions to sell the same and make distribution of the proceeds, and a devise which directs that real estate be sold and the proceeds distributed, but without passing the legal title to the executor. In the one case it is held that the executor is the custodian of the title until divested by the sale, while in the other the title is held to be in the beneficiary or the heir until the sale is made," citing authorities.

The whole estate having been devised to appellee as executor, it is clear that there was no interest passing to the heirs, of whom appellant was one, from which they could have collected rents or profits. The will in question having given the entire estate to the executor, with absolute power of sale, and with direction as to the distribution of the proceeds thereof, the effect is that of an equitable conversion of the real estate, the rents of which are involved, into personal property, with a testamentary disposition of the entire estate as personalty or money. Such being the case, appellant has no interest in the real estate that will authorize her to collect rents therefor.

In *Rumsey* v. *Durham* (1854), 5 Ind. 71, there was a provision in the will that after the death or marriage of the widow, it was the testator's will that all of his property, real as well as personal, should be sold and equally divided among his children and the court said: "The testator's will evidently created a life-estate in *Ann Rumsey,* and after her death or marriage it directed the

executors under an express power, to sell the premises, and divide the proceeds equally among his children. This direction to sell was, in effect, a conversion of the land into personalty. In equity it must be considered and treated as money. 1 Jarmon, Wills 473; 2 Story, Eq. Jurisp. 320. Therefore, the subject of the testator's gift to his children was personal property, and its distribution, under the will, should be governed by the same rule as if the donation in the first instance had been money." To the same effect, see *Walling* v. *Scott* (1911), 50 Ind. App. 23, 96 N. E. 481, 97 N. E. 388.

The beneficiaries under the will here involved did not receive devises of real estate, but personal property, and as the real estate was devised to appellee executor and did not descend to the heirs, an action by an heir to account for the rents cannot be maintained. That appellant herself understood that she had no interest in her father's real estate, and in the rents and profits thereof, is manifest from the fact that, from time to time, she has accepted from appellee executor her share of the distribution of the proceeds of the estate, including the rents arising in part from the sale of the real estate and from the rents thereof, remaining after such proceeds have been applied to the payment of the debts of the estate, accepting the same by way of distribution without making any claim, so far as the record shows, that she was accepting the same as rents of the real estate. On the contrary, in her objections to the current reports filed by appellee executor from time to time, there was no objection that the executor had, without authority, collected the rents which had accumulated from the real estate. When the questions involved in the controversy over the current reports were decided against her, she did not appeal therefrom but acquiesced therein. Unquestionably she could have presented the question as to the rights of the executor to collect the rents and

to distribute the same. Having failed so to do, she cannot now be heard to speak. It is our conclusion that appellant was not and is not entitled to the rents of the real estate involved, and that there was no error in overruling her demurrer to each paragraph of the answer.

Judgment affirmed.

Dausman, J., absent.